■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SANTIAGO, Appellant.—Judgment, Supreme Court, Bronx County, rendered on December 10, 1976, affirmed. Concur—Kupferman, J. P., Markewich and Silverman, JJ.

Birns and Sandler, JJ., dissent in a memorandum by Sandler, J., as follows: The defendant appeals from his conviction following a jury trial of criminal possession of a controlled substance in the fifth degree. The principal question presented is whether the trial court should have granted a mistrial when the arresting officer improperly volunteered that an informant had told him that the defendant was selling drugs, and when the District Attorney thereafter invited further attention to this in an ambiguously worded question on redirect examination. Under the circumstances of this case, we believe that the defendant was prejudiced by what occurred, and that the conviction accordingly should be reversed and the case remanded for a new trial. At a suppression hearing, Officer Di Siena testified in substance as follows: He and another officer were on radio car patrol when informed by a passing motorist that a young Hispanic wearing blue jeans and a green shirt was selling drugs near 920 Longwood Avenue. The officers went to the area and saw the defendant, who fit the description, standing in a group of about five persons. When the officers approached him, the defendant walked into an apartment building at 920 Longwood Avenue where he was observed running up the stairs. The two officers left the building and went to another location where they entered the building, crossed the roofs of several buildings, and descended into 920 Longwood Avenue. They saw the defendant standing in front of that building. Officer Di Siena then went up to the defendant, asked if he could speak to him for a minute, and the two officers then escorted him into 914 Longwood Avenue. In the vestibule of the building Officer Di Siena heard a sound like a "plop" and saw on the ground four glassine envelopes in which were assorted smaller envelopes contained a white substance. He then arrested the defendant. At the trial the only witness for the People with regard to the critical events was Officer Di Siena, whose trial testimony was similar to that summarized above. As to his conversation with the informant, the record discloses that in response to a preliminary question he was apparently about to describe it when a defense objection was sustained. Thereafter, following questions that elicited the time, place and circumstances of the receipt of the information, but not the details, the following occurred: "Q Now, officer, after you received that information did you do anything? A Yes, I did. Q What did you do? A I then went to the corner of Longwood Avenue and Dawson Street and attempted to find the man who fit the description of— the description I was given. This man was supposed to be selling drugs. MR. BELLIN: I am going to object, your Honor. I move for a mistrial. THE COURT: Objection sustained. Motion is denied. The jury will disregard the last statement of the witness. Q Officer, did you see anyone fitting the descrip-

tion—withdrawn. Did you see anyone—withdrawn. Did you see Mr. Santiago at that particular time as you were going down Longwood Avenue? MR. BELLIN: At which particular time? MR. LEWIS: All right. Withdrawn." The District Attorney returned to the subject during his redirect examination: "Q The second time you went back to the area you saw Mr. Santiago talking to people, is that correct? A That's right. Q Do you know what he was talking about? A No. Q Were you able to hear anything of what he said? A No. Q So whether or not he was doing business you don't know? A I have no idea." After a colloquy with the court, an objection to the question was sustained, but a further motion for a mistrial was denied. Two witnesses testified on behalf of the defendant, one his sister and the second a long-time acquaintance named Angel Guadaloupe. Both testified in substance that on the day in question the defendant was assisting another to push a car when the police officers seized him and pushed him into 920 Longwood Avenue, which they described as an abandoned building. In the vestibule of that building they observed one officer searching the defendant while the second looked through the mail boxes. That officer took four plastic bags from a mail box, handed them to the defendant who denied knowledge of them and the officers then arrested him. The principle is, of course, fundamental that evidence concerning an uncharged crime is inadmissible in a criminal trial except under limited circumstances clearly not present here. (See, e.g., *People v Cook,* 42 NY2d 204; *People v Ragusa,* 62 AD2d 1004.) Where a defendant is charged with possession of narcotic drugs, evidence that he in addition sold drugs may have an unusual potential for prejudice. In this case the prejudice is enhanced by the fact that the evidence of defendant's possession, as testified to by the officer, was wholly circumstantial, giving particular significance to his volunteered comment. The hearsay character of his testimony further compounds the impropriety. The conviction accordingly could be sustained only if it were found that the evidence of defendant's guilt was overwhelming and the improper comment accordingly harmless. (See *People v Crimmins,* 36 NY2d 230, 242.) The evidence here cannot be so evaluated. The jury was confronted with a direct conflict of testimony between a police officer and two defense witnesses. No satisfactory effort was made to explain the failure to call the second police officer alleged to have been present at the time of the events, who had been Officer Di Siena's regular partner and his personal friend, other than the comment that he had been "laid off." The officer's uncorroborated testimony was in no way inherently more probable than that of the two defense witnesses. Indeed one aspect of his testimony raises disturbing doubts. It is not easy to accept that two police officers escorting a suspect into a vestibule failed to observe movements that allegedly resulted in the dropping of four sizeable glassine envelopes to the ground. Nor is it easy to understand why the defense witnesses, even if motivated to assist the defendant, would have falsely placed the scene of the arrest in 920 Longwood Avenue, where the officer had testified to having followed the defendant earlier. The evidence of guilt here could be considered overwhelming only on the basis that testimony of a police officer is necessarily entitled to be given greater credence because of his position than that of other witnesses, a thesis that contradicts a basic principle charged to every juror in a criminal case and one that surely is as binding upon Judges as it is on jurors. The conviction should be reversed and the case remanded for a new trial.