■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CLIVE FRASER and GRANVILLE SENIOR, Respondents.—Appeal by the People, as limited by their brief, from (1) so much of an order of the Supreme Court, Queens County (Rotker, J.), dated July 8, 1985, as granted that branch of the defendant Clive Fraser's omnibus motion which was to dismiss the indictment, to the extent of dismissing counts one and two of the indictment as against him, charging him with attempted murder in the first degree and attempted murder in the second degree, and (2) so much of an order of the same court, also dated July 8, 1985, as granted that branch of the defendant Granville Senior's omnibus motion which was to dismiss the indictment, to the extent of dismissing counts one, two, five, six, seven, eight, nine, ten and eleven of the indictment as against him, charging him with attempted murder in the first degree, attempted murder in the second degree, criminal possession of

a weapon in the second degree, criminal use of a firearm in the second degree, reckless endangerment in the first degree (three counts), and assault in the second degree (two counts).

Ordered that the order pertaining to the defendant Clive Fraser is affirmed insofar as appealed from; and it is further,

Ordered that the order pertaining to the defendant Granville Senior is modified, on the law, by reinstating counts eight, nine, ten and eleven of the indictment as against him, charging him with reckless endangerment in the first degree (two counts), and assault in the second degree (two counts). As so modified, the order is affirmed insofar as appealed from.

Counts eight and nine of indictment No. 1635/85 charge the defendant Granville Senior, based upon accessorial liability, with reckless endangerment in the first degree. According to the testimony adduced before the Grand Jury, the defendant Fraser, the driver of a limousine in which the defendant Senior was a passenger, accelerated the vehicle while both Sergeant Kenneth Battcher and Police Officer Michael Fella were holding onto the limousine in an attempt to stop the vehicle from leaving the scene. The limousine had been identified as the vehicle used in a kidnapping which had occurred shortly before this incident. Both police officers were injured when the limousine collided with a bus parked across the avenue. As the limousine was being accelerated in a forward direction, Sergeant Battcher, who had opened the driver's door and was hanging half in and half outside the limousine, heard the passenger (the defendant Senior) yell to the driver (the defendant Fraser) "get out of here, get out of here, go, go, go". Other testimony elicited by the prosecution supported the inference that Fraser was Senior's obedient employee. Senior's instructions to "get out of here" and to "go, go, go" may be reasonably construed, under the circumstances, as a directive to Fraser to accelerate the vehicle in order to avoid apprehension by Sergeant Battcher and Officer Fella. There is no evidence from which to infer that the defendant Senior's vision of the precarious position of the officers was obstructed.

The proper purpose of an indictment is to bring a defendant to trial upon a prima facie case which, if unexplained, would warrant a conviction (see, People v Brewster, 63 NY2d 419, 422). Here, the evidence before the Grand Jury, if unexplained, tends to establish that the defendant Senior was cognizant of the grave risk of death to both Sergeant Battcher and Officer Fella if the driver accelerated the limousine and, notwithstanding this awareness, the defendant Senior instructed his obedient employee, in effect, to accelerate the

vehicle. The vehicle was accelerated under circumstances evincing a depraved indifference to human life. " 'One who urges a driver to increase his speed stands in the same position as the driver if a homicide or injury occurs' " *(People v Joseph,* 11 Misc 2d 219, 230, quoting from Model Penal Code, First Draft, at 34). The instructions, allegedly issued by the defendant Senior, under circumstances described to the Grand Jury, are legally sufficient to create a prima facie case on two counts of reckless endangerment in the first degree, as an aider and abettor *(see, People v Madison,* 242 Cal App 2d 820, 51 Cal Rptr 851; *cf. People v Murphy,* 126 Misc 2d 1023). Moreover, this evidence is legally sufficient to sustain counts ten and eleven of the indictment, charging the defendant Senior with aiding and abetting the defendant Fraser to commit assault in the second degree as defined in Penal Law § 120.05 (3).

However, the evidence is insufficient to sustain counts one and two of the indictment, charging both defendants with attempted murder in the first degree *(see,* Penal Law §§ 110.00, 125.27 [1] [a] [i]) and attempted murder in the second degree *(see,* Penal Law §§ 110.00, 125.25 [1]), which require proof of a specific intent to cause the death of Sergeant Battcher by means of accelerating the motor vehicle. Sergeant Battcher had opened the driver's door and was holding on to the defendant Fraser's arm in an attempt to pull the driver from the moving vehicle. Based upon these circumstances, it cannot be inferred that the automobile was deliberately driven to cause the death of the sergeant. Rather, the inference to be drawn is that the automobile was accelerated to dislodge the sergeant's grip, and, thus, avoid apprehension. While the former inference would sustain a charge of attempted murder or a lesser included count of assault with intent to cause serious physical injury, the latter inference merely suffices to sustain charges of assault with intent to prevent a police officer from performing a lawful duty, and reckless endangerment. Nor does the additional testimony that the defendant Fraser removed a gun from his waistband and aimed it at Officer Fella demonstrate that the defendant Fraser intended to cause the death of Sergeant Battcher by accelerating the motor vehicle. Consequently, the court did not err in dismissing counts one and two of the indictment as against both defendants.

We have reviewed the other contentions raised by the People and find them to be without merit. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.