■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KEVIN JOYNER, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Rotker, J.), dated September 27, 1985, which granted the defendant's motion to dismiss the indictment.

Ordered that the order is reversed, on the law, and the indictment is reinstated.

The Grand Jury testimony revealed that on July 20, 1985, sometime between 12:05 A.M. and 7:45 A.M., the door to the victim's home was kicked in or knocked down and, among other things, a television set and a VCR had been taken from the home. During this time, the defendant was seen parked in a car in front of the victim's home, and an individual carrying a television set and a VCR placed these items in the car, and the defendant and this individual drove away. The Grand Jury indicted the defendant for the crimes of burglary in the second degree, criminal mischief in the fourth degree, and petit larceny. Criminal Term dismissed the indictment on the ground that there was insufficient proof of the defendant's criminal intent to charge him as an accomplice to the crimes.

The proper purpose of an indictment is to bring a defendant to trial upon a prima facie case which, if unexplained, would warrant a conviction (see, People v Lancaster, 69 NY2d 20; People v Brewster, 63 NY2d 419; People v Oakley, 28 NY2d 309; People v Fraser, 126 AD2d 740; CPL 70.10, 190.65). In our view, the evidence produced was sufficient to sustain the indictment, and Criminal Term erred in dismissing it (see, People v Jackson, 44 NY2d 935; People v Williams, 106 AD2d 786). Mangano, J. P., Bracken, Brown and Spatt, JJ., concur.