■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES N. DAVIS, Appellant.—Appeal by the defendant from a

judgment of the County Court, Nassau County (Delin, J.), rendered July 3, 1985, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Although there was no direct evidence of the defendant's possession of a firearm during the robbery at bar, 2 witnesses identified the defendant as one of the perpetrators of the robbery, and 4 witnesses testified to the use of a firearm by at least one of the defendant's accomplices *(see,* Penal Law § 20.00). As such, we find the defendant's conviction of robbery in the first degree is more than amply supported by the weight of the evidence *(see, Matter of Anthony M.,* 63 NY2d 270; *People v Jackson,* 44 NY2d 935).

We note that the hearing court was correct in allowing the witnesses to identify the defendant at trial. Both trial witnesses who identified the defendant as one of the perpetrators of the robbery had an ample opportunity to view the defendant in a well-lit room and thus their ability to identify the defendant in court was based on their independent recollections of the initial encounter with the defendant and was not influenced by the pretrial identifications which were suppressed as products of the defendant's unlawful arrest *(see, United States v Crews,* 445 US 463; *People v Young,* 55 NY2d 419, *cert denied* 459 US 848; *People v Pleasant,* 54 NY2d 972, *cert denied* 455 US 924; *People v Kinard,* 130 AD2d 768, *lv denied* 70 NY2d 801; *People v Brown,* 130 AD2d 500, *lv denied* 70 NY2d 643; *People v Stevens,* 109 AD2d 856).

We have considered the defendant's remaining contentions and find them to be without merit. Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.