■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY CRUTCHFIELD, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered May 11, 1987, upon a verdict convicting defendant of two counts of the crime of robbery in the second degree.

The facts in this case may be found in our decision in *People v Ingram* (143 AD2d 448) in which we modified the conviction of defendant's codefendant, Brian Ingram. Defendant's principal argument here is that the circumstantial evidence upon which he was found guilty as Ingram's accomplice was insufficient to prove that he acted with the mental culpability necessary to commit robbery in the second degree or to prove that he importuned or intentionally aided Ingram to commit such crime *(see,* Penal Law § 20.00; *Matter of John G.,* 118 AD2d 646). Defendant concedes that the evidence was suffi-

cient to prove that Ingram forcibly stole a denim jacket and that Ingram was aided by another person actually present, namely, defendant. Defendant argues, nevertheless, that his concession to aiding Ingram (see, Penal Law § 160.10 [1]) does not defeat his further argument that the prosecution failed to establish accessorial liability because it was possible for him to aid Ingram without intentionally participating in the robbery or possessing criminal intent necessary to commit that crime (see, People v Green, 126 AD2d 105, 106, 109-110, affd 71 NY2d 1006).

We hold otherwise. The testimony of the store manager, Tracy Andrews, was that she observed defendant talking with Ingram directly in front of the store and that defendant, who entered the store moments before Ingram, kept her occupied in the rear while Ingram was stealing merchandise in the front of the store. Andrews further stated that defendant stood immediately behind her during the confrontation with Ingram in which the latter twice struck her. Finally, defendant and Ingram fled together.

We recognize that "when the proof of an essential element of the crime depends exclusively on circumstantial evidence, 'the facts from which the inference of defendant's guilt is drawn * * * must be inconsistent with his innocence and must exclude to a moral certainty every other reasonable hypothesis' " (People v Shanklin, 59 AD2d 588, 589, quoting People v Bearden, 290 NY 478, 480). Here, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620, 621), we find it legally sufficient to support the conviction. Defendant's explanation, that he entered only to buy the cheapest pipe in the store on behalf of persons outside who were unknown to him and that he did not know Ingram, lacks credibility. The jury was free to credit the testimony of the victim showing that while defendant may not have struck the blows, he intentionally aided in the robbery, stood by while Ingram beat the victim and then fled with Ingram (see, People v Truesdell, 122 AD2d 444, 445, affd 70 NY2d 809; see also, People v Jackson, 44 NY2d 935; People v Davis, 141 AD2d 558). Defendant's presence directly behind Andrews during the attack was sufficient to discourage her escape or her resistance, and constitutes sufficient evidence of accessorial conduct to render him culpable (see, People v Joyner, 128 AD2d 548; People v Dorsey, 112 AD2d 536).

We note, however, that the prosecution has conceded in its brief and upon oral argument that defendant's conviction on count two of the indictment of robbery in the second degree

should be reduced to a conviction of the crime of robbery in the third degree coinciding with the reduction this court granted upon Ingram's appeal. The judgment should be modified accordingly.

Judgment modified, on the law, by reducing defendant's conviction on count two of the indictment to the crime of robbery in the third degree; matter remitted to the County Court of Albany County for resentencing in accordance with this court's decision, and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.