■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE SIMMONS, Appellant.—Judgment, Supreme Court, New York County (Jerome W. Marks, J.), rendered February 15, 1990, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fourth degree, and sentencing him, as a predicate felony offender, to a term of imprisonment of from 3 to 6 years, unanimously affirmed.

There is no merit to defendant's contention that a mistrial was required when one of the arresting officers testified to a statement made by defendant's companion. Defendant is correct that the testimony was improperly elicited. However the error was sufficiently cured when the objection was sustained and the court gave curative instructions to the jury. Counsel did not object to the curative instructions given, nor did he request any additional instruction. The presumption is that the jury followed the curative instructions given by the trial court in such instances *(People v Berg,* 59 NY2d 294, 299-300). In this case, the instructions given were sufficient to alleviate any prejudice *(People v Santiago,* 70 AD2d 561 [1st Dept 1979],

*affd* 52 NY2d 865). Nothing more was required under the circumstances *(People v Santiago, supra).*

The court properly declined to give a missing witness charge as to defendant's companion, since the latter may reasonably be viewed as an accomplice, and could hardly have been expected to testify favorably for the People, or to be within their control *(People v Gonzalez,* 68 NY2d 424). Concur—Murphy, P. J., Milonas, Ellerin and Kupferman, JJ.