■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN RIOS, Appellant.—Judgment, Supreme Court, New York County (Robert Haft, J.), rendered December 6, 1990, convicting defendant after a jury trial of robbery in the first and second degrees, and sentencing him to concurrent terms of imprisonment of 3 to 9 years, unanimously affirmed.

Defendant and two others were charged with a gunpoint robbery. Before the commencement of defendant's trial, the codefendant who wielded the gun pleaded guilty, with the understanding that he would testify against defendant. Prior to defense counsel's opening statement, the court refused to require the prosecutor to disclose whether the codefendant would in fact be called to testify. The victim testified that defendant was one of the three robbers who surrounded him, took his property, and then ran off. Other evidence showed that plainclothes officers had observed the defendant and his companions walking back and forth without apparent purpose before the robbery, that an off-duty officer witnessed the robbery, and that defendant and his companions were arrested several blocks from the crime scene. At that time, the codefendant who had not wielded the gun was wearing the victim's jacket, and defendant was wearing that codefendant's jacket. Defendant admitted that he was present during the robbery, but testified that he was not a participant. At the close of the evidence, the court denied defense counsel's request for a missing witness charge based on the absence of testimony by the codefendant who had pleaded guilty.

Counsel's request to charge was properly denied. It was untimely, and the circumstances presented do not establish that it would have been natural to have expected the prosecutor to have called the codefendant who had pleaded guilty to testify *(People v Gonzalez,* 68 NY2d 424, 429). Counsel did not make his request as soon as practicable, and there was no compelling need for the prosecutor to rely on a witness whose testimony would have been presumptively suspect *(cf.,* CPL 60.22). We find no merit in defendant's arguments that the People did not establish a prima facie case or that the verdict was against the weight of the evidence *(People v Bleakley,* 69 NY2d 490); and, contrary to defendant's claim, the trial court did not deny a request by counsel for leave to comment in summation on the absence of testimony by the codefendant who had pleaded guilty. Concur—Sullivan, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.