■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED BATSON, Appellant. [631 NYS2d 345] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered Janu-

---

* Other than replacing the 45-day demand requirement with a 90-day demand, the statute is unchanged.

ary 21, 1992, convicting defendant, after a jury trial, of two counts of attempted robbery in the first degree, two counts of burglary in the second degree, and one count each of assault in the first degree, criminal possession of a weapon in the second degree and conspiracy in the fourth degree and sentencing him, as a persistent violent felony offender, to six concurrent terms of 15 years to life to be served concurrently with a term of 2 to 4 years on the conspiracy conviction, unanimously affirmed.

When the prosecutor attributed his challenge to a particular juror to her condition of unemployment, the court did not commit reversible error in permitting the prosecutor to peremptorily challenge the prospective juror in question (*see, Hernandez v New York*, 500 US 352, 358; *People v Allen*, 86 NY2d 101).

Equally without merit is defendant's contention that the court improperly denied the request for a missing witness charge as to one of his accomplices in the criminal enterprise in which defendant was accused of participating. This Court has repeatedly rejected claims that a defendant has a right to a missing witness charge with respect to an accomplice or a co-defendant (*People v Williams*, 186 AD2d 469, *lv denied* 81 NY2d 849; *People v Rios*, 184 AD2d 244, *lv denied* 80 NY2d 908; *People v Simmons*, 180 AD2d 402, *lv denied* 79 NY2d 1007).

There is, finally, no substance in defendant's claim that the court's third supplemental instruction to the jury, which was provided in response to a note indicating that the panel was experiencing difficulties in its deliberations, was allegedly lacking in balance by inappropriately singling out the one recalcitrant juror. The court, throughout the trial, including at the beginning of the jury selection and during the court's main instructions to the panel, pointed out that it is the duty of jurors to deliberate reasonably together, but not necessarily to reach a verdict, and that, while they should make every effort to harmonize their differences and give due consideration to the opinions of others, they should still stick to their own conscientiously held views if they believed that a certain position was the right one. In light of the court's extremely balanced instructions, repeated at some length at least once in the course of responding to the jury's notes, there is no reason to believe that the jurors had forgotten what they had recently been advised, and thus the court's supplemental instructions do not constitute reversible error. Indeed, it is clear that the instructions of which defendant complains were not coercive since the panel continued to deliberate for a number of hours over the course of two days, asked additional questions pertain-

ing to the charges against defendant and the law, and then handed down a verdict that acquitted defendant of the highest charge against him and deadlocked as to one of the assault counts. Consequently, the record negates defendant's claim of coercion (see, *People v Diaz*, 197 AD2d 379, *lv denied* 82 NY2d 893; *People v Deago*, 188 AD2d 276, *lv denied* 81 NY2d 838). Concur—Sullivan, J. P., Ellerin, Kupferman, Ross and Tom, JJ.