■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARRIEM CYRUS, Appellant. [794 NYS2d 755]—

Rose, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered September 26, 2002 in Albany County, upon a verdict convicting defendant of the crime of robbery in the second degree.

Defendant and his codefendant, Michael Fenner, were indicted on two counts of robbery in the second degree for their involve-

ment in a mugging. Fenner ultimately pleaded guilty to a charge of attempted robbery in the second degree, with the understanding that he would testify against defendant. Following a trial, at which Fenner was not called to testify, the jury acquitted defendant of the count of robbery in the second degree alleging the display of a firearm (*see* Penal Law § 160.10 [2] [b]), but convicted him of the remaining count of robbery aided by an accomplice (*see* Penal Law § 160.10 [1]). Defendant was sentenced to a prison term of six years, and now appeals.

Initially, we conclude that the evidence was legally sufficient to prove the element of being "aided by another person actually present" (Penal Law § 160.10 [1]). At trial, the testimony of eyewitnesses established that, at approximately 1:30 A.M. on the day in question, defendant and Fenner approached the victim, who was walking with two friends on a city sidewalk. Defendant asked the victim for a dollar and tapped the victim's pocket. When the victim refused, defendant pointed an object at the victim and pushed him away from his friends into a dark, recessed doorway. While defendant was doing so, Fenner held back the victim's friends saying, "it will be over soon." After defendant searched the victim's pockets, he grabbed the victim's wallet and fled the scene with Fenner.

Viewing this evidence in the light most favorable to the People, we find that the jury could have rationally determined that defendant committed the robbery and received the aid of Fenner, who restrained those who might have intervened on the victim's behalf and, thus, aided in the robbery of the victim (*see People v Crutchfield,* 149 AD2d 857, 858 [1989], *lv denied* 74 NY2d 738 [1989]; *cf. People v Hedgeman,* 70 NY2d 533, 543 [1987]; *People v Coleman,* 5 AD3d 956, 959 [2004], *lvs denied* 3 NY3d 638 [2004]). In addition, we are satisfied that the jury gave the evidence the weight it should have been accorded (*see People v Gonzalez,* 158 AD2d 399, 399-400 [1990], *lv denied* 75 NY2d 966 [1990]).

Next, defendant contends that the prosecution committed a *Brady* violation by failing to disclose the victim's misidentification of defendant until the eve of trial. However, this exculpatory evidence had been disclosed directly to defendant's counsel by the investigating detective well before trial commenced, giving defendant a meaningful opportunity to use the information at trial (*see People v Cortijo,* 70 NY2d 868, 870 [1987]; *People v Clarke [Bo],* 5 AD3d 807, 809-810 [2004], *lvs denied* 2 NY3d 796, 797 [2004]).

We also find no error in Supreme Court's denial of defendant's request for a missing witness charge with respect to his accom-

plice, Fenner. The People are not required to call an accomplice whose testimony would be "presumptively suspect" (*People v Rios,* 184 AD2d 244, 245 [1992], *lv denied* 80 NY2d 908 [1992]; *see People v Batson,* 219 AD2d 538, 539 [1995], *lv denied* 87 NY2d 844 [1995]).

Finally, in light of defendant's criminal history, we find no abuse of discretion or any extraordinary circumstances that would warrant modification of the sentence (*see People v Smith,* 300 AD2d 745, 746 [2002], *lv denied* 99 NY2d 616 [2003]; *People v Bell,* 290 AD2d 729, 730 [2002]).

Mercure, J.P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed.