■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASHLEY L. RUMOLA, Appellant. [819 NYS2d 604]—

Cardona, P.J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered February 17, 2005, convicting defendant following a nonjury trial of the crime of robbery in the second degree.

After smoking crack during the nighttime hours, defendant, her boyfriend and her cousin traveled in the early morning of October 18, 2003 to a convenience store in the City of Binghamton, Broome County, where they encountered the victim and made arrangements to purchase more narcotics. Later, after completing the transaction, a struggle ensued between the victim and defendant's boyfriend and defendant is alleged to have used that opportunity to take $500 in cash from the victim's pocket.

Following a nonjury trial on an indictment alleging robbery in the second degree, defendant was convicted as charged. She was later sentenced to 3½ years in prison and now appeals, claiming that the verdict was unsupported by the weight of the evidence and that she was not afforded the effective assistance of trial counsel.

We affirm. Defendant's statement to police revealed that she and her companions discussed robbing the victim at least twice during the night and defendant expressed optimism that they

"could probably pull it off." In the statement, as well as during her testimony at trial, defendant also acknowledged that she assisted in restraining the victim. Although defendant claimed at trial that her cousin removed the money from the victim's pocket, testimony by the victim and the cousin indicated that it was defendant who took the money as her boyfriend held the victim in a choke hold or headlock. According due deference to County Court's resolution of the credibility questions apparent in the trial testimony (*see People v Raymo*, 19 AD3d 727, 728 [2005], *lv denied* 5 NY3d 793 [2005]; *People v Nickel*, 14 AD3d 869, 871 [2005], *lv denied* 4 NY3d 834 [2005]), we conclude that the weight of the evidence supported the court's determination that defendant forcibly stole property with the assistance of her boyfriend (*see* Penal Law § 160.10 [1]; *People v Harris* 19 AD3d 871, 873 [2005], *lv denied* 5 NY3d 806 [2005]; *People v Cyrus*, 18 AD3d 1020, 1021 [2005], *lv denied* 5 NY3d 827 [2005]; *compare People v Coleman*, 5 AD3d 956, 957-958 [2004], *lvs denied* 3 NY3d 638 [2004]).

We also conclude that defendant was afforded the effective assistance of trial counsel. Initially, inasmuch as defendant's statement to the police contained information favorable to the defense, counsel's concession as to voluntariness was a legitimate trial strategy which we will not question with the benefit of hindsight (*see People v Gross*, 21 AD3d 1224, 1225 [2005]; *see generally People v Baldi*, 54 NY2d 137, 146-147 [1981]). Likewise, counsel cannot be faulted for permitting defendant to waive a trial by jury (*see People v Boateng*, 246 AD2d 749, 750 [1998], *lv denied* 91 NY2d 970 [1998]). Notably, County Court sufficiently ascertained that defendant understood the implications of conceding the voluntariness of her statement, and engaged in a thoroughly informative colloquy with defendant concerning the waiver of her jury trial rights. Accordingly, in light of counsel's pretrial motion practice, vigorous cross-examination of the People's witnesses and presentation of a cogent trial strategy, we cannot conclude that defendant was deprived of meaningful representation (*see generally People v Henry*, 95 NY2d 563, 565-566 [2000]).

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.