■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRETT L. ELLIOT, Appellant. [869 NYS2d 275]—

Spain, J.

Following a jury trial, defendant was sentenced to a term of

10 years in prison for his conviction of robbery in the second degree and one year in the Broome County Jail for his conviction of assault in the third degree, to run concurrently. On appeal, defendant argues that the People failed to establish the elements of robbery in the second degree beyond a reasonable doubt and that the sentence imposed upon his convictions was harsh and excessive. We have reviewed the record, considered his arguments and now affirm.

When determining whether legally sufficient evidence supports a conviction, "we view the evidence in the light most favorable to the People and will not disturb the verdict if the evidence demonstrates a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury" (*People v Maricevic*, 52 AD3d 1043, 1044 [2008], *lv denied* 11 NY3d 790 [2008]; *see People v Bleakley*, 69 NY2d 490, 495 [1987]). To sustain defendant's conviction of robbery in the second degree, it was incumbent upon the People to prove beyond a reasonable doubt that defendant forcibly stole property while "aided by another person actually present" (Penal Law § 160.10 [1]). A person is "aided by another person actually present" when the other person "poses an additional risk of violence to a robbery victim by being sufficiently close and ready, willing and able to render aid" (*People v Coleman*, 5 AD3d 956, 957 [2004], *lv denied* 3 NY3d 638 [2004]; *see People v Hedgeman*, 70 NY2d 533, 540-542 [1987]).

According to the testimony of the victim, corroborated by two arresting police officers, the following events occurred late in the morning of December 27, 2004. The victim entered a laundromat in the City of Binghamton, Broome County to meet a friend, carrying a canvas duffle bag that contained personal items and a 12-pack of beer. There, he encountered defendant and defendant's friend, codefendant George Fletcher, drinking beer. Without provocation, Fletcher attacked the victim, hitting him repeatedly in the head, with defendant's verbal encouragement. The victim responded by punching Fletcher in the face, knocking him down. When the victim then attempted to leave with his duffle bag, defendant blocked his way, punched him in the nose and then grabbed the bag. The victim fled and called the police. When the police arrived back at the laundromat with the victim, they found defendant and Fletcher, apparently intoxicated, sitting near the ripped duffle bag with opened cans of beer.

On this record, defendant concedes that legally sufficient evidence exists that a robbery—i.e., a forcible stealing—occurred, but challenges the sufficiency of proof that he was aided by an-

other person. According to the victim's testimony, Fletcher beat the victim at defendant's prompting, and Fletcher stood behind the victim while defendant blocked the laundromat door and seized the bag, breaking its strap. Further, when the police arrived, Fletcher and defendant were still together, apparently sharing the stolen beer. This evidence amply demonstrates that Fletcher assisted defendant in committing the robbery (*see People v Cyrus*, 18 AD3d 1020, 1021 [2005], *lv denied* 5 NY3d 827 [2005]; *People v Crutchfield*, 149 AD2d 857, 858 [1989], *lv denied* 74 NY2d 738 [1989]; *cf. People v Coleman*, 5 AD3d at 958).

To the extent that defendant also argues that the verdict was against the weight of the credible evidence, we disagree. The defense presented Fletcher's testimony that the victim initiated the fight, that defendant did not participate and that he and defendant found the bag in the laundromat after the victim left but they did not know who it belonged to. Weighing "the relative probative force of [this] conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Bleakley*, 69 NY2d at 495 [internal quotation marks and citation omitted]), while "according appropriate deference to the jury's assessment of witness credibility and demeanor" (*People v Barringer*, 54 AD3d 442, 443 [2008], *lv denied* 11 NY3d 830 [2008]), we find that defendant's convictions were not against the weight of the evidence (*see People v White*, 41 AD3d 1036, 1036-1037 [2007], *lv denied* 9 NY3d 965 [2007]; *People v Rumola*, 31 AD3d 1059, 1060 [2006], *lv denied* 7 NY3d 851 [2006]).

Finally, we reject defendant's request to reduce his sentence in the interest of justice. "Absent a clear abuse of discretion or the existence of extraordinary circumstances, a trial court's exercise of discretion in imposing what it considers to be an appropriate sentence will not be disturbed" (*People v May*, 301 AD2d 784, 786 [2003], *lv denied* 100 NY2d 564 [2003] [citation omitted]; *see People v Rollins*, 51 AD3d 1279, 1282-1283 [2008]). Defendant received 10 years of a maximum 15-year permissible sentence on his conviction of robbery in the second degree. Given the nature of these crimes and defendant's extensive criminal history, spanning over 25 years, we will not disturb the sentence (*see People v Salmans*, 49 AD3d 961, 961 [2008]; *People v Gray*, 32 AD3d 1052, 1053 [2006], *lv denied* 7 NY3d 902 [2006]; *People v Douglas*, 26 AD3d 522, 524 [2006], *lv denied* 7 NY3d 847 [2006]). We agree with County Court that defendant's alcohol abuse is not a mitigating factor, especially in light of defendant's squandered opportunities to address his alcohol

problem (*see People v Morales*, 36 AD3d 957, 959 [2007], *lv denied* 8 NY3d 988 [2007]; *People v Ryan*, 278 AD2d 524, 524 [2000], *lv denied* 96 NY2d 763 [2001]).

Cardona, P.J., Carpinello, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.