■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARRETT HEIDT, Appellant. [945 NYS2d 164]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered December 7, 2010, convicting him of robbery in the second degree, criminal possession of stolen property in the fifth degree, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly found that the police had probable cause to arrest him. The information supplied by an unidentified citizen informant during a face-to-face encounter with a police officer in the immediate vicinity of the crime scene, the closeness of the encounter with the defendant, the defendant's flight, the informant's statement that the defendant was armed, and the police officers' own observations provided the officers with probable cause to arrest the defendant (*see People v Rosario*, 24 AD3d 199 [2005]; *People v Miles*, 210 AD2d 353 [1994]; *People v Brown*, 127 AD2d 674 [1987]). Accordingly, the County Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The County Court properly denied the defendant's request for a missing witness charge, as the defendant failed to meet his burden of establishing that the witness in question would normally be expected to give noncumulative testimony favorable to the People (*see generally People v Savinon*, 100 NY2d 192, 196 [2003]; *People v Gonzalez*, 68 NY2d 424, 427 [1986]; *Buttice v Dyer*, 1 AD3d 552, 552-553 [2003]). Indeed, the testimony of a codefendant who has pleaded guilty is "presumptively suspect," and a prosecutor would not normally be expected to call such a witness at trial (*People v Rios*, 184 AD2d 244, 245 [1992]; *see* CPL 60.22).

The defendant's contention that he was deprived of a fair

trial by the prosecutor's summation comments is unpreserved for appellate review (*see People v Banks*, 74 AD3d 1214, 1215 [2010]). In any event, the prosecutor's comments were not improper (*see generally People v Galloway*, 54 NY2d 396, 399 [1981]; *see also People v Ashwal*, 39 NY2d 105 [1976]).

The defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 85 [1982]).

The defendant's remaining contention, in Point V of his brief, is unpreserved for appellate review, and, in any event, without merit. Dillon, J.P., Florio, Lott and Sgroi, JJ., concur.