■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH BISNAUTH, Appellant. [51 NYS3d 599]—Appeals by the defendant (1) from a judgment of the County Court, Suffolk County (Doyle, J.), rendered March 15, 2011, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the Supreme Court, Suffolk County (Cohen, J.), dated April 23, 2015, which, after a hearing, denied his motion pursuant to CPL 440.10 to vacate the judgment rendered March 15, 2011.

Ordered that the judgment and the order are affirmed.

A grand jury indicted the defendant and Michael McKenzie for acting in concert to commit murder in the second degree (two counts: intentional and depraved indifference; Penal Law § 125.25 [1], [2]) in connection with the shooting death of Jeremiah Armstrong outside of a residence in Wyandanch on the evening of June 1, 2009. McKenzie subsequently pleaded guilty to manslaughter in the first degree in satisfaction of the indictment insofar as against him (see People v McKenzie, 98 AD3d 749 [2012]). A jury found the defendant guilty of depraved indifference murder. Thereafter, the defendant moved

pursuant to CPL 440.10 to vacate the judgment on the ground that the prosecution committed a *Brady* violation (*Brady v Maryland*, 373 US 83 [1963]) by failing to disclose, prior to trial, that a key witness for the prosecution had been a police informant. After a hearing, the Supreme Court denied the motion.

The defendant, contends that the jury verdict was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant ascribes error to the prosecutor's introduction into evidence of prior statements to impeach two prosecution witnesses, the failure of the trial court to give limiting instructions at the time the impeachment material was introduced pursuant to CPL 60.35, and the prosecutor's reference to the prior statements during summation (*see People v Solomon*, 16 AD3d 701, 702 [2005]). These contentions are, for the most part, unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, to the extent these contentions have merit, we find any error harmless, as the evidence of the defendant's guilt was overwhelming and there was no significant probability that the error contributed to the defendant's conviction (*see People v Saez*, 69 NY2d 802, 804 [1987]; *People v Crimmins*, 36 NY2d 230 [1975]). Contrary to the defendant's alternative contention, he was not deprived of the effective assistance of counsel by his attorney's failure to preserve some of these claims during trial (*see People v Ennis*, 11 NY3d 403, 415 [2008]; *People v Stultz*, 2 NY3d 277, 287 [2004]; *People v Howard*, 120 AD3d 1259, 1260 [2014]).

The trial court properly denied the defendant's request for a missing witness charge, as the defendant failed to meet his burden of establishing that the witness in question, the codefendant, would normally be expected to give noncumulative testimony favorable to the People (*see generally People v Savinon*, 100 NY2d 192, 196 [2003]; *People v Gonzalez*, 68 NY2d 424, 427 [1986]; *Buttice v Dyer*, 1 AD3d 552, 552-553 [2003]). Indeed, the testimony of a codefendant who has pleaded guilty is "presumptively suspect," and a prosecutor would not

normally be expected to call such a witness at trial (*People v Rios*, 184 AD2d 244, 245 [1992]; *see* CPL 60.22; *People v Heidt*, 95 AD3d 1234, 1235 [2012]; *People v Cyrus*, 18 AD3d 1020, 1022 [2005]; *People v Arnold*, 298 AD2d 895, 895 [2002]).

The Supreme Court properly denied, after a hearing, the defendant's motion pursuant to CPL 440.10 to vacate the judgment on the ground that the prosecution committed a *Brady* violation (*see Brady v Maryland*, 373 US 83 [1963]) by failing to disclose that a witness had been a police informant. There was no reasonable possibility that such nondisclosure affected the outcome of the trial (*see People v Fuentes*, 12 NY3d 259, 263 [2009]; *People v Benloss*, 117 AD3d 1071 [2014]; *People v Graves*, 62 AD3d 900, 901 [2009]; *People v Mauro*, 236 AD2d 560 [1997]). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.