People v Haggray (2018 NY Slip Op 06063)





People v Haggray


2018 NY Slip Op 06063


Decided on September 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 13, 2018

107965

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
NYJEW HAGGRAY, Appellant.

Calendar Date: April 27, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Theodore J. Stein, Woodstock, for appellant.
P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered October 15, 2015, upon a verdict convicting defendant of the crimes of robbery in the second degree and grand larceny in the third degree.
Defendant was charged in a four-count indictment with two counts of robbery in the first degree, robbery in the second degree and grand larceny in the third degree in connection with an armed robbery in the City of Albany. Following pretrial hearings and a jury trial, County Court declared a mistrial in March 2015, after the jury was unable to reach a verdict. In August 2015, a second jury trial was conducted, whereupon defendant was convicted of robbery in the second degree and grand larceny in the third degree. Defendant was thereafter sentenced,
as a second violent felony offender, to an aggregate prison term of 10 years, to be followed by five years of postrelease supervision, and ordered to pay restitution. Defendant now appeals.[FN1]
Initially, we reject defendant's claim that his constitutional right against double jeopardy was violated when he was subjected to a second trial following County Court's declaration of a mistrial. Although "a defendant may not be twice put in jeopardy of criminal prosecution for the same offense" (Matter of Davis v Brown, 87 NY2d 626, 629-630 [1996]; see NY Const, art I, § 6; US Const 5th Amend), where, as here, a jury is deadlocked and unable to reach a verdict, declaration of a mistrial is generally appropriate so long as the trial court has consulted with the parties regarding how to proceed and determined whether the People and the defendant consent to such a declaration, "as double jeopardy typically erects no barrier to a retrial where consent is freely given" (People v Wilson, 163 AD3d 1049, 1050 [2018] [internal quotation marks and citation omitted]; see CPL 310.60 [1] [b]; People v Ferguson, 67 NY2d 383, 387-388 [1986]).
Here, upon receipt of a note from the jury indicating that it was unable to reach a verdict, County Court consulted with the People and defendant, provided an Allen charge and asked the jury to continue with its deliberations. Following further deliberations, County Court received another note from the jury indicating that it remained deadlocked. A conference was then conducted with the parties in chambers and, following same, County Court obtained — on the record — the express consent of both the People and defendant to discharge the jury, declare a mistrial and place the matter back on the calendar for a second trial. Notably, County Court specifically inquired of defendant whether he understood the mistrial procedure, particularly the fact that the declaration of a mistrial did not resolve the indictment and that he would be "subject to retrial in the future," to which defendant indicated that he understood. Accordingly, given defendant's consent to the mistrial, he waived his claim that his second trial was foreclosed on double jeopardy grounds (see Matter of Davis v Brown, 87 NY2d at 630; People v Ferguson, 67 NY2d at 387-388; People v Smith, 12 AD3d 219, 220 [2004], lv denied 4 NY3d 836 [2005]; People v Michallow, 201 AD2d 915, 916 [1994], lv denied 83 NY2d 874 [1994]; cf. People v Kappen, 142 AD3d 1106, 1106-1107 [2016], lv denied 28 NY3d 1185 [2017]; compare People v Mergenthaler, 13 AD3d 984, 985 [2004]).[FN2]
Defendant also contends that the verdict following his second trial was not supported by legally sufficient evidence and was against the weight of the evidence. When reviewing a legal sufficiency claim, "we view the evidence in the light most favorable to the People and evaluate whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (People v Wilson, ___ AD3d ___, ___, 2018 NY Slip Op 05715, *2 [2018] [internal quotation marks and citations omitted]; see People v Bueno, 18 NY3d 160, 169 [2011]). In contrast, when assessing the weight of the evidence, where, as here, a different verdict would not have been unreasonable, this Court "must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from [*2]the testimony" (People v Bleakley, 69 NY2d 490, 495 [1987] [internal quotation marks and citation omitted]; see People v Danielson, 9 NY3d 342, 348 [2007]; People v Cruz, 152 AD3d 822, 823 [2017], lv denied 30 NY3d 1018 [2017]). With respect to the charge of robbery in the second degree, the People were obligated to prove that defendant forcibly stole property and was "aided by another person actually present" (Penal Law § 160.10 [1]). A person forcibly steals property when "he [or she] uses or threatens the immediate use of physical force upon another person for the purpose of . . . [c]ompelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny" (Penal Law § 160.00 [2]; see People v Griffin, 122 AD3d 1068, 1069 [2014], lv denied 25 NY3d 1164 [2015]). With respect to the charge of grand larceny in the third degree, the People were required to prove that defendant stole property and that the value thereof exceeded $3,000 (see Penal Law § 155.35 [1]).
The trial testimony established that, in the early morning hours of June 1, 2014, the victim exited a local bar in the City of Albany and began to walk home. Shortly after the victim stopped to use an ATM at a bank, defendant and another individual began to follow the victim, eventually accosting him. While his companion pointed a knife at the victim, defendant pulled out a handgun and demanded that the victim hand over everything in his pockets, threatening that, "if you make any move, I will shoot you." Defendant took the victim's phone, wallet and key to the victim's Mercedes, demanded and received the whereabouts of the vehicle and fled. The victim then ran to a nearby police station and reported the incident. A police officer drove the victim to the location where he had parked his Mercedes, but it was gone. The police then issued an alert for officers to be on the lookout for the victim's Mercedes. Shortly thereafter, another officer spotted the vehicle and attempted to stop it, but lost sight of it after it accelerated at high speed and the lights were shut off. Minutes later, the police located the Mercedes, which was heavily damaged and smoking, crashed against an electrical transformer in the parking lot of an apartment complex. Although the occupants of the Mercedes had fled, a cell phone was found lying on the front passenger seat that was found to contain photographs of defendant. A few weeks later, police questioned defendant, and he admitted that he was one of the two individuals shown on surveillance video following the victim moments before the robbery and also identified himself in various photographs that were obtained from the cell phone found in the victim's Mercedes.
In our view, when viewed in a light most favorable to the People, we find that the foregoing evidence provided a valid line of reasoning and permissible inferences from which a rational jury could conclude that defendant forcibly stole property from the victim with the aid of another person (see Penal Law § 160.10 [1]; People v Elliot, 57 AD3d 1095, 1097 [2008], lv denied 12 NY3d 783 [2009]; People v Cyrus, 18 AD3d 1020, 1021 [2005], lv denied 5 NY3d 827 [2005]). We also find that the victim's testimony indicating that he had purchased his Mercedes for approximately $7,000 to $8,000 six months prior to the robbery provided legally sufficient evidence demonstrating that the value of the stolen property exceeded the $3,000 statutory threshold for grand larceny in the third degree (see Penal Law § 155.35 [1]; People v Furman, 152 AD3d 870, 874 [2017], lv denied 30 NY3d 1060 [2017]; People v Sheehy, 274 AD2d 844, 845 [2000], lv denied 95 NY2d 938 [2000]). With respect to the weight of the evidence, while a different verdict would not have been unreasonable given certain inconsistencies that defendant's counsel raised with regard to the victim's testimony and the absence of any video evidence showing the actual robbery, viewing the evidence in a neutral light and according the appropriate deference to the jury's credibility assessments, we are satisfied that the verdict was not against the weight of the evidence (see People v Bleakley, 69 NY2d at 495; People v Griffin, 122 AD3d at 1070). Moreover, any gaps or weaknesses in the chain of custody of the photographs and videos that were introduced into evidence at the second trial "go to the [*3]weight of the evidence, not its admissibility," and we nevertheless find that the People established a sufficient chain of custody for same (People v Hawkins, 11 NY3d 484, 494 [2008]; see People v Patterson, 93 NY2d 80, 84 [1999]; People v Ely, 68 NY2d 520, 527-528 [1986]; People v Pleasant, 149 AD3d 1257, 1259 [2017], lv denied 30 NY3d 1022 [2017]; People v Carter, 131 AD3d 717, 722-723 [2015], lv denied 26 NY3d 1007 [2015]).
Lastly, defendant's challenge to County Court's restitution award is not preserved for review as he never requested a restitution hearing, nor did he render any objection to the amount of restitution imposed (see People v Horne, 97 NY2d 404, 414 n 3 [2002]; People v Johnson, 151 AD3d 1462, 1466 [2017], lv denied 30 NY3d 1106 [2018]). To the extent not specifically addressed, defendant's remaining contentions have been reviewed and found to be without merit.
McCarthy, J.P., Devine, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: We previously withheld decision in this matter and directed the People to provide defendant with copies of certain video exhibits that were received into evidence at trial, in a format that was readily accessible (162 AD3d 1106 [2018]). Defendant received and viewed these exhibits, and both parties have submitted supplemental briefs for the Court's consideration.

Footnote 2: We further note that defendant never moved for dismissal of the indictment on double jeopardy grounds prior to commencement of his second trial, nor did he commence a CPLR article 78 proceeding seeking to prohibit further prosecution, both being appropriate procedural devices to raise a claim of double jeopardy (see Matter of Owen v Stroebel, 65 NY2d 658, 660 [1985], cert denied 474 US 994 [1985]; Matter of Owen v Harrigan, 131 AD2d 20, 21 [1987], lv denied 70 NY2d 616 [1988]; compare People v Dann, 100 AD2d 909, 909-910 [1984]; People v Tingue, 91 AD2d 166, 167-168 [1983]).