■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HILTS, Appellant. [594 NYS2d 408] —Crew III, J. Appeal from a judgment of the County Court of Rensselaer County (Aison, J.), rendered December 20, 1991, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

On September 12, 1989, City of Troy Police Officer Leroy Johnson met Kevin Wallace and defendant and advised them that he was interested in buying cocaine. Having established the price at $300, defendant handed Wallace a clear plastic bag containing a substance later proved to be cocaine, which Wallace handed to Johnson. Johnson handed Wallace $300 which Wallace gave to defendant. As a consequence, defendant and Wallace were indicted on charges of criminal sale of a controlled substance in the third degree. Wallace pleaded guilty to a reduced charge of attempted sale of a controlled substance in the third degree and thereafter defendant was tried and convicted as charged.

At the time of Wallace's plea, he was asked by County Court if on "the 12th of September, 1989 * * * [he was] with [defendant] and attempted to sell some cocaine", to which he answered, "Yes". The plea minutes reflecting that allocution were not provided to defendant's attorney although specifically requested by him. On this appeal defendant contends that there must be a reversal because the failure to provide the aforesaid minutes constituted violations of both *Brady v Maryland* (373 US 83) and *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866). We disagree. The plea allocution in no way exonerated defendant and does not, therefore, come within the purview of *Brady* and its progeny. With regard to defendant's contention that the failure to provide him with the plea minutes constituted a *Rosario* violation, a defendant is entitled to the prior written or recorded statements of a person whom the prosecutor intends to call as a witness at the trial *(see,* CPL 240.45 [1] [a]). The People were not required to provide defendant with Wallace's plea minutes because he was not called to testify.

Defendant's claim that County Court erred in charging accessorial conduct is not preserved for appellate review, there having been no objection registered in respect thereto *(see, People v Breazil,* 120 AD2d 602, *lv denied* 68 NY2d 755). In any event, the charge did not prejudice defendant because "[t]here is no distinction between liability as a principal and criminal culpability as an accessory and the status for which the defendant is convicted has no bearing upon the theory of the prosecution" *(People v Duncan,* 46 NY2d 74, 79-80, *cert denied* 442 US 910).

Equally unavailing is defendant's claim that County Court erred in declining to charge that Wallace was a missing witness. "The burden is upon the party seeking a missing witness charge to notify the court that there is an uncalled

witness believed to be knowledgeable about a material issue pending in the case, and to show that such witness can be expected to testify favorably to the prosecution" *(People v Wills,* 183 AD2d 938, 939, *lv denied* 80 NY2d 935 [citation omitted]). While it is clear that Wallace was knowledgable about a material issue in the case, there was no showing that he could be expected to testify favorably to the prosecution. Indeed, without such a showing, the contrary is much more inferable.

Also unpreserved for review is defendant's claim that the People's remarks on summation were so improper as to require reversal. In any event, if we were to consider defendant's argument, we would find it without merit. On summation the prosecution stated that Johnson was "an experienced veteran of the drug wars in this city * * * [who] risks his life * * * to infiltrate the drug culture". Although the People's "safe streets" argument may have improperly appealed to the jurors' fear of crime, and may have been better left unsaid, the comment was an isolated one and harmless when viewed in the context of the entire summation *(see, People v Young,* 113 AD2d 852, 854, *lv denied* 66 NY2d 924).

Mikoll, J. P., Yesawich Jr., Mercure and Casey, JJ., concur. Ordered that the judgment is affirmed.