■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL A. CASTALDI, Appellant. [619 NYS2d 983] —Judgment unanimously affirmed. Memorandum: We reject the contentions of defendant that he was denied his right to counsel at the lineup, that the identification procedures employed were unduly suggestive and that he was denied a fair trial when a juror allegedly observed him in shackles and the jury heard inadvertent testimony from a prosecution witness regarding his parole status. Furthermore, there is no merit to the contention that the People failed to make *Brady* and *Rosario* materials available to defendant.

Defendant was properly sentenced as a persistent violent felony offender. Contrary to defendant's contentions, the prosecutor was not required to produce the minutes of defendant's prior guilty pleas, and the persistent violent felony information filed by the prosecutor satisfied the statutory requirements *(see,* CPL 400.15 [2]; 400.16 [2]). We reject defendant's contention that the sentence is unduly harsh or severe.

Finally, there is no merit to the contention that the trial court erred in its *Sandoval* ruling permitting the prosecutor to use three prior robbery convictions to impeach defendant's credibility if defendant chose to testify at trial. The fact that the prior convictions are for crimes similar to the one presently charged does not of itself require preclusion *(see, People v Rahman,* 46 NY2d 882, *affg* 62 AD2d 968; *People v Cain,* 167 AD2d 131, 133, *lv denied* 77 NY2d 836). The record establishes that the court properly considered the dates of the prior convictions, their similarity to the crime presently charged and their relevance to defendant's veracity and credibility. The record further establishes that the court properly weighed the relevance and probative value of the impeaching material "against the risk that it might be taken as an indication of a propensity to commit the crimes charged and the fear that its admission might unfairly deter [defendant] from testifying at trial" *(People v Rahman, supra,* at 883). Moreover, were we to find any error in the court's *Sandoval* ruling, it would be harmless in light of the overwhelming evidence of defendant's guilt *(see, People v Crimmins,* 36 NY2d 230, 242). (Appeal from Judgment of Ontario County Court, Harvey, J.—Robbery, 1st

Degree.) Present—Balio, J. P., Lawton, Wesley, Doerr and Davis, JJ.