■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE ISIDRON, Appellant. [619 NYS2d 329] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered July 16, 1992, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact were raised or considered.

We find that the trial court's instruction to the jury concerning the defendant's status as an interested witness (namely, that the defendant had a "deep personal interest" in his prosecution "of a character * * * possessed by no other witness"), was improper (see, People v Williams, 197 AD2d 721; People v Martinez, 186 AD2d 153). This error was particularly prejudicial and warrants reversal of the defendant's conviction, since the primary issue to be resolved by the jury was a direct conflict between the testimony of the witnesses for the prosecution and the testimony of the defendant (see, People v Ochs, 3 NY2d 54).

In its Sandoval ruling, the trial court held that, with respect to the defendant's prior conviction of assault in the first degree, evidence that the defendant had been charged initially with attempted murder would be admissible. This was also error (see, People v Little, 55 NY2d 770; People v Cook, 37 NY2d 591; People v Sigl, 124 AD2d 1053).

We also find that during the voir dire, the Trial Judge improperly lectured certain of the prospective jurors regarding their personal biases concerning a case arising from a drug related charge. The court's extensive questioning of these jurors, in its attempt to determine whether they could be unbiased, was excessive, and, in any event, did not establish a lack of bias. "[I]n order to avoid the possibility of unfairness, Trial Judges should disqualify prospective jurors of questionable impartiality, rather than permit them to serve" (People v Moorer, 77 AD2d 575, 577; see also, People v Sellers, 73 AD2d 697). It was error for the court to deny the defense counsel's challenges for cause regarding these jurors, since they were equivocal about their ability to be impartial in this case (see, People v Moorer, supra). Bracken, J. P., Santucci, Krausman and Goldstein, JJ., concur.