■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. TURNER, Appellant. [668 NYS2d 843] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of two counts each of grand larceny in the third degree and issuing a bad check stemming from the purchase of vehicles by the automobile dealership that he owned. County Court did not err in submitting to the jury a verdict sheet with "identifying factual annotations, such as dates and names of the victims" (*People v Brown*, 90 NY2d 872, 875). Additionally, we reject the contention that the court improperly exercised its discretion in permitting the People to reopen their case.

After a *Sandoval* hearing, the court determined that the prosecutor could cross-examine defendant with respect to a prior Federal conviction for rolling back vehicle odometers, including the underlying facts, and 30 prior bad acts involving the issuance of bad checks for the purchase of automobiles from the same victim involved in one of the counts of grand larceny and issuing a bad check for which he was on trial.

The court improvidently exercised its discretion in determining that defendant could be cross-examined regarding those prior bad acts. Although a defendant "is not entitled to be shielded from cross-examination regarding prior crimes * * * merely because they are similar to the crimes on which he is being tried" (*People v Jay*, 187 AD2d 454, 455, *lv denied* 81 NY2d 841; *see also, People v Castaldi*, 209 AD2d 961, *lv dismissed* 84 NY2d 1029), the number of prior bad acts allowed by the court was more "than was appropriate or necessary to the jury's evaluation of defendant's credibility" (*People v Bowles*, 132 AD2d 465, 467, *lv denied* 70 NY2d 798) and impermissibly tended "to show from defendant's character or experience that he is predisposed to commit the crime for which he is on trial" (*People v Carmack*, 52 AD2d 264, 266, *affd* 44 NY2d 706; *see also, People v Myrick*, 128 AD2d 732, *lv denied* 70 NY2d 652). However, the proof of defendant's guilt is overwhelming, and there is no significant probability that the jury would have acquitted defendant had it not been for the error. Thus, the error is harmless (*see, People v Shields*, 46 NY2d 764, 765; *People v Castaldi, supra*).

The court did not impose an unlawful condition of probation by directing defendant to refrain from the purchase, sale, inspection or repair of motor vehicles. That condition was reasonably necessary "to insure that the defendant will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10 [1]; *see, People v Bilello*, 124 AD2d 665, 666). (Appeal from

Judgment of Erie County Court, Drury, J.—Grand Larceny, 3rd Degree.) Present—Denman, P. J., Lawton, Hayes, Balio and Boehm, JJ.