■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN F. JACOBSEN, Appellant. [682 NYS2d 323] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that the jury's verdict convicting him of endangering the welfare of a child is against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). The jury could reasonably have found that defendant knowingly placed his three-year-old daughter in danger by bringing her along on a burglary attempt or by defendant's purposeful participation as a passenger in a high-speed chase through the City of Buffalo, while also finding that the People had failed to prove all of the elements of burglary, grand larceny and possession of stolen property, of which defendant was acquitted. We further reject defendant's implicit contention that the verdicts are repugnant. "When there is a claim that repugnant jury verdicts have been rendered in response to a multiple-count indictment, a verdict as to a particular count shall be set aside only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury. Review of the entire record in an attempt to divine the jury's collective mental process of weighing the evidence is inappropriate" (*People v Tucker*, 55 NY2d 1, 4, *rearg denied* 55 NY2d 1039). Based upon our review of the jury charge, we conclude that there is no inconsistency.

Further, defendant failed to request an instruction on circumstantial evidence with respect to the charge of endangering the welfare of a child, and thus failed to preserve for our review his contention that County Court erred in failing to give that instruction (*see,* CPL 470.05 [2]). In any event, defendant was not entitled to the charge because there was direct evidence of his guilt (*see, People v Daddona*, 81 NY2d 990, 992). (Appeal from Judgment of Erie County Court, Drury, J.—Endangering Welfare Child.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Fallon, JJ.