THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY LANE, Appellant. [689 NYS2d 325] —Judgment unanimously affirmed. Memorandum: County Court properly determined that defendant violated three conditions of probation. Defendant was convicted of manslaughter in the second degree

(Penal Law § 125.15 [1]) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) for the reckless shooting of an acquaintance. Contrary to defendant's contention, the court did not impose an unenforceable condition of probation by directing that defendant not possess any legal or illegal guns or other weapons and avoid persons and places where guns are possessed. That condition is fundamentally rehabilitative (*see, People v Letterlough,* 86 NY2d 259, 265) and designed to assist defendant to lead a law-abiding life (*see,* Penal Law § 65.10 [1]; *see also, People v Turner,* 247 AD2d 821, *lv denied* 91 NY2d 1013; *People v Griffith,* 239 AD2d 705, 706-707). The court was entitled to credit the testimony of police officers that, in executing a search warrant at defendant's home, they found an operable 12-gauge shotgun under defendant's bed, and was entitled to reject the testimony of defendant's mother that the gun belonged to her. Defendant does not challenge the court's determination that he violated his curfew on one occasion.

The court also properly concluded that defendant failed to comply with the condition that he receive drug treatment. The evidence that defendant had been terminated from a treatment program for nonattendance was properly disclosed based upon defendant's written consent, and the admission of that evidence did not violate the Federal drug treatment confidentiality laws (*see,* 42 USC § 290dd-2 [b] [1]; 42 CFR 2.31, 2.35 [a]; *see also, People v Silkworth,* 142 Misc 2d 752, 756-757). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, Drury, J.—Violation of Probation.) Present—Denman, P. J., Green, Pigott, Jr., Scudder and Callahan, JJ.