◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER PRITCHETT, Appellant. [705 NYS2d 307] —Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's request for a circumstantial evidence charge. Where, as here, a case is based on both direct and circumstantial evidence of defendant's guilt, defendant is not

entitled to a circumstantial evidence instruction (*see, People v Roldan,* 88 NY2d 826, 827; *People v Daddona,* 81 NY2d 990, 992; *People v Jones* [appeal No. 1], 256 AD2d 1172, *lv denied* 93 NY2d 972; *People v Jacobsen,* 255 AD2d 951, *lv denied* 93 NY2d 972). Although the court erred in allowing defendant to be cross-examined concerning prior charges of which he was not convicted (*see, People v Cook,* 37 NY2d 591, 596; *People v Isidron,* 209 AD2d 718, 719; *People v Sigl,* 124 AD2d 1053), the error is harmless. The proof of guilt is overwhelming and there is no significant probability that the jury would have acquitted defendant but for the improper cross-examination (*see, People v Turner,* 247 AD2d 821, *lv denied* 91 NY2d 1013; *see also, People v Castaldi,* 209 AD2d 961, *lv dismissed* 84 NY2d 1029). (Appeal from Judgment of Monroe County Court, Maloy, J.— Burglary, 3rd Degree.) Present—Pigott, Jr., P. J., Green, Wisner, Scudder and Kehoe, JJ.