■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FLOWERS, Appellant. [710 NYS2d 295] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of, *inter alia,* five counts of rape in the first degree (Penal Law § 130.35 [1]) and four counts of robbery in the first degree (Penal Law § 160.15 [3]), defendant contends that Supreme Court erred in excluding certain evidence offered by the defense and in allowing the prosecutor to cross-examine defendant about his plea of guilty to a certain felony in 1989 in satisfaction of another unspecified felony charge.

Contrary to defendant's contention, the evidence sought to be elicited was properly excluded as hearsay. Defense counsel sought to elicit facts that the witness, a police officer, had heard from investigatory sources or read in police reports. We reject the contention that defendant did not seek to admit the out-of-court statements for their truth; the statements would have been irrelevant unless true.

The court's *Sandoval* ruling was not erroneous. Although a witness ordinarily may not be impeached based on a mere prior arrest or charge that did not result in conviction (*see, People v Cook,* 37 NY2d 591, 596; *People v Pritchett,* 270 AD2d 946;

*People v Sigl,* 124 AD2d 1053), a witness may be cross-examined about a charge that was satisfied by a plea of guilty to another charge (*see, People v Intelisano,* 188 AD2d 881, 882-883; *Murphy v Estate of Vece,* 173 AD2d 445, 447). (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J.—Rape, 1st Degree.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Kehoe, JJ.