■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT W. ARNOLD, Appellant. [748 NYS2d 92] —Appeal from a judgment of Monroe County Court (Connell, J.), entered May 8, 2000, convicting defendant after a jury trial of, inter alia, criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). We reject the contention of defendant that County Court erred in denying his request for a missing witness charge with respect to a nontestifying codefendant who had entered a plea of guilty to a reduced charge (*see People v Batson,* 219 AD2d 538, 539, *lv denied* 87 NY2d 844; *People v Hilts,* 191 AD2d 779, 780-781, *lv denied* 81 NY2d 1074). Defendant made no showing that the testimony of the codefendant would be expected to be favorable to the People (*see Hilts,* 191 AD2d at 780-781). Under the circumstances, the People should not be required to call a witness whose testimony would be "presumptively suspect" (*People v Rios,* 184 AD2d 244, 245, *lv denied* 80 NY2d 908) or subject to impeachment detrimental to the People's case (*see People v McKnight,* 165 Misc 2d 523, 527).

The court abused its discretion, however, in concluding that, should defendant decide to testify on his own behalf, he could

be questioned about a 1999 conviction for the sale of drugs at the same location as that of the crimes in this case. The court concluded that the conviction demonstrated the willingness of defendant to put his own interests above that of society, but the court failed to make the necessary determination that the probative value of the evidence on the issue of defendant's credibility outweighed the potential for prejudice to defendant (*see People v Williams,* 56 NY2d 236, 239-240). Although the similarity of a prior crime to a crime charged does not shield a defendant from cross-examination concerning that crime (*see People v Hayes,* 97 NY2d 203, 208; *People v Varlack,* 259 AD2d 392, 393, *lv denied* 93 NY2d 1029), here, introducing evidence that defendant sold drugs on a prior occasion at the same location presented "a special risk of impermissible prejudice" to defendant (*People v Sandoval,* 34 NY2d 371, 377). However, the proof of defendant's guilt is overwhelming, and there is no significant probability that the jury would have acquitted defendant had it not been for the error. Thus, the error is harmless (*see People v Turner,* 247 AD2d 821, *lv denied* 91 NY2d 1013; *People v Castaldi,* 209 AD2d 961, *lv dismissed* 84 NY2d 1029; *see also People v Shields,* 46 NY2d 764, 765). Present—Wisner, J.P., Hurlbutt, Scudder and Kehoe, JJ.