People v Moore (2022 NY Slip Op 01206)





People v Moore


2022 NY Slip Op 01206


Decided on February 24, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 24, 2022

110358
[*1]The People of the State of New York, Respondent,
v
Raymond Moore, Appellant.

Calendar Date:January 11, 2022

Before:Garry, P.J., Lynch, Pritzker, Colangelo and Ceresia, JJ.

Brian M. Callahan, Albany, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered February 22, 2018, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree and criminal possession of a firearm.
Defendant was convicted, after a jury trial, of criminal possession of a weapon in the second degree and criminal possession of a firearm stemming from an incident that occurred in the early morning hours of June 18, 2016 at the victim's apartment where defendant was waving a handgun around and he hit the victim in the head with it. As defendant was hitting the victim in the head with the handgun, it went off and the victim suffered a serious brain injury. Defendant was thereafter sentenced as a predicate violent felony offender to concurrent prison terms, the greatest of which was 15 years, to be followed by five years of postrelease supervision. Defendant appeals.
Defendant argues that the verdict as to the conviction for criminal possession of a weapon in the second degree was legally insufficient and was against the weight of the evidence.[FN1] Initially, because defendant, during his trial order of dismissal, did not include the specific arguments he now raises on appeal, he has failed to preserve his challenge to the legal sufficiency of the evidence (see People v Harris, 177 AD3d 1199, 1200 [2019], lv denied 35 NY3d 970 [2020]). Nevertheless, this Court necessarily determines whether the People proved each element of criminal possession of a weapon in the second degree when assessing defendant's weight of the evidence challenge (see People v Barzee, 190 AD3d 1016, 1017 [2021], lv denied 36 NY3d 1094 [2021]).
Pursuant to Penal Law § 265.03 (3), to find a person guilty of criminal possession of a weapon in the second degree, the People must establish that he or she possessed a loaded firearm outside of his or her home or place of business (see People v Cooper, 199 AD3d 1061, 1063 [2021]). Penal Law § 265.00 (15) defines a loaded firearm as "any firearm loaded with ammunition or any firearm which is possessed by one who, at the same time, possesses a quantity of ammunition which may be used to discharge such firearm." Defendant specifically concedes that the proof at trial established that he possessed an "operational" firearm while at the victim's apartment on June 18, 2016. However, he contends that the People failed to establish that the firearm had live ammunition. We disagree.
One witness testified that she observed defendant take a clip out of the gun while in the bedroom of the victim's apartment. Another witness testified that defendant was yelling that he "always has one in the chamber." The victim testified that, while she was sitting on her couch, defendant was standing in front of her when he began beating her on the head with the gun. Although it is unclear if she heard the gun go off, she testified that a bullet grazed her head. Several witnesses who were present during [*2]the incident described having heard a gun "go off," and one testified that, when he heard the gun go off, he saw a spark. A detective with the City of Kingston Police Department testified that he recovered a spent bullet and shell casing near an area of the couch where he observed blood and a clump of human hair. "In view of this evidence, a contrary result would have been unreasonable and, therefore, the verdict will not be disturbed" (People v Cooper, 199 AD3d at 1063-1064; see People v Cloonan, 166 AD3d 1063, 1064-1065 [2018], lv denied 35 NY3d 941 [2020]).
Defendant also argues that County Court's sentence was unduly harsh and excessive. Initially, defendant's contention that he was punished for essentially exercising his right to trial is not preserved for review by this Court as it was not raised at sentencing (see People v Williams, 163 AD3d 1160, 1165 [2018], lvs denied 32 NY3d 1170, 1179 [2019]). As to the severity of defendant's sentence, we have carefully reviewed the sentencing minutes as well as defendant's vast criminal history, which includes his most recent prior conviction for attempted criminal possession of a weapon in the second degree. We also note that, at the time of the instant offenses, defendant had an active parole warrant. In light of this history, as well as the seriousness of the crime at issue, we do not find that County Court abused its discretion in imposing the maximum permissible sentence. As defendant failed to demonstrate the existence of any extraordinary circumstances that would warrant a reduction of the sentence in the interest of justice, we decline to disturb it (see People v Davis, 200 AD3d 1200, 1208 [2021]; People v Burns, 188 AD3d 1438, 1443 [2020], lvs denied 36 NY3d 1055, 1060 [2021]).
Garry, P.J., Lynch, Colangelo and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant raises no arguments relative to his conviction for criminal possession of a firearm.