People v Drumgold (2022 NY Slip Op 03544)

People v Drumgold

2022 NY Slip Op 03544

Decided on June 2, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 2, 2022

110776 112720
[*1]The People of the State of New York, Respondent,
v
Jayquan Drumgold, Appellant.

Calendar Date:April 25, 2022

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Carolyn B. George, Albany, for appellant, and appellant pro se.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Aarons, J.
Appeals (1) from a judgment of the Supreme Court (Hogan, J.), rendered October 4, 2018 in Schenectady County, upon a verdict convicting defendant of the crimes of grand larceny in the third degree (five counts), attempted grand larceny in the third degree and conspiracy in the fourth degree, and (2) by permission, from an order of said court, entered February 26, 2021 in Schenectady County, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment of conviction and set aside the sentence, without a hearing.
Defendant was charged by separate indictments with multiple crimes alleging that he engaged in a fraudulent check cashing scheme. As part of this scheme, checks were drawn from the account of the victim and deposited into the bank accounts of other individuals. The money was then withdrawn from the accounts of these individuals, and defendant gave these individuals part of the withdrawn money. Following a jury trial, defendant was convicted of five counts of grand larceny in the third degree, attempted grand larceny in the third degree and conspiracy in the fourth degree.[FN1] Defendant was thereafter sentenced, as a second felony offender, to a prison term of 2½ to 5 years for each conviction of grand larceny in the third degree — all of which were directed to run consecutively to each other — and lesser concurrent prison terms for the remaining convictions. Defendant thereafter moved under CPL article 440 to vacate the judgment of conviction and set aside the sentence. In a February 2021 order, County Court denied the motion. Defendant appeals from the judgment and, by permission, from the February 2021 order.
Defendant first argues that the convictions for grand larceny in the third degree (counts 2 through 6) are not supported by legally sufficient evidence and are against the weight of the evidence. Defendant specifically contends that that the evidence failed to identify him as the perpetrator of these crimes.[FN2] That said, "[l]arcenous intent is rarely susceptible of proof by direct evidence, and must usually be inferred from the circumstances surrounding the defendant's actions" (People v Sanon, 179 AD3d 1151, 1153 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 973 [2020]).
The People tendered evidence that checks — that were not authorized to be written — were drawn from the bank account of the victim at different times and made payable to various individuals. These individuals testified that they were contacted by defendant or put in contact with defendant. The record further reflects that defendant offered them money if they cashed a check for him, that these individuals gave defendant their bank card and password or defendant was found to be in possession of an individual's bank card so that a deposit could be made into their respective accounts, that checks drawn from the victim's account were deposited in these individuals' accounts and that, when the money was [*2]withdrawn from these accounts, defendant kept some of it and gave some of it to the individuals.
Viewing the evidence in the light most favorable to the People, it is legally sufficient to support the convictions for grand larceny in the third degree as charged in counts 3 to 6 of the indictment (see People v Rodriguez, 34 NY3d 967, 969 [2019]; People v Sanon, 179 AD3d at 1155; People v Johnson, 213 AD2d 791, 793 [1995], lv denied 85 NY2d 975 [1995]; People v Riccio, 91 AD2d 693, 694 [1982]). Furthermore, although a contrary result would not have been unreasonable, viewing the evidence in a neutral light, including the documentary evidence and photographs, these convictions are not against the weight of the evidence (see People v Rogers, 157 AD3d 1001, 1008 [2018], lv denied 30 NY3d 1119 [2018]; People v Bonneau, 94 AD3d 1158, 1159 [2012], lv denied 20 NY3d 985 [2012]). To the extent that defendant attacks the credibility of the People's witnesses, defendant extensively cross-examined them and explored their veracity. The jury ultimately credited their testimony, and no basis exists to upset that credibility determination (see People v Marshall, 162 AD3d 1110, 1114 [2018], lv denied 31 NY3d 1150 [2018]).
Defendant, however, correctly argues that the conviction for grand larceny in the third degree as charged in count 2 of the indictment must be dismissed. The People point to the fact that the check deposited into the account of one of the individuals associated with count 2 was deposited around the same time that a different check was deposited into the account of another individual who was the subject of count 3. Even if we agreed with the People that there is legally sufficient evidence based on this sole fact, viewing the evidence in a neutral light, it is extremely tenuous and far from compelling to show that defendant himself was involved with the individuals associated with count 2. Notably, the individual associated with count 3 testified that, when he went to a car to give defendant a check, there was another person with defendant and he did not see the face of the person to whom he gave the check. Furthermore, there was no evidence indicating that the individuals associated with count 2 had direct or indirect contact with defendant. These individuals testified that they did not know defendant and that they did not interact with him regarding the check cashing scheme. In view of the foregoing, the grand larceny in the third degree conviction as charged in count 2 of the indictment must be dismissed.
Regarding the conviction for attempted grand larceny in the third degree, defendant's legal sufficiency argument is unpreserved (see People v Moore, 202 AD3d 1373, 1373 [2022]). To the extent that defendant makes a weight of the evidence argument with respect to this conviction, the record discloses that defendant possessed the bank card of one of the individuals, communicated with that individual to withdraw money and drove with [*3]the individual to the bank for the purpose of withdrawing the money. Because of a motor vehicle accident, however, defendant never made it to the bank to withdraw the money. That said, a contrary result would not have been unreasonable. Nevertheless, viewing the evidence in a neutral light, it establishes that defendant "engage[d] in conduct which tend[ed] to effect the commission of [the alleged] crime" (Penal Law § 110.00; see generally People v Kassebaum, 95 NY2d 611, 618 [2001], cert denied 532 US 1069 [2001]). Accordingly, the verdict as to this conviction is not against the weight of the evidence.
Defendant asserts that the conviction for conspiracy in the fourth degree should be reversed because the People failed to prove an overt act. An "overt act must be an independent act that tends to carry out the conspiracy, but need not necessarily be the object of the crime" (People v Arroyo, 93 NY2d 990, 992 [1999] [internal quotation marks and citations omitted]). The People offered proof establishing that defendant himself deposited the forged checks at issue. Although an acquittal of this charge would not have been unreasonable, viewing the evidence in a neutral light, the People proved beyond a reasonable doubt that defendant committed an overt act. Accordingly, the weight of the evidence supports the conviction of conspiracy in the fourth degree (see People v Turner, 178 AD3d 70, 74 [2019]).[FN3]
Defendant did not preserve his argument that County Court erred by not giving either a missing witness charge or a circumstantial evidence charge given that he failed to request these charges or object to the charge as given (see People v Ash, 162 AD3d 1318, 1322 [2018], lv denied 32 NY3d 1002 [2018]; People v Williams, 132 AD2d 892, 894 [1987]). To the extent that defendant challenges the adequacy of certain instructions that the court gave, such challenge is likewise unpreserved (see People v Webster, 290 AD2d 659, 660 [2002], lv denied 98 NY2d 641 [2002]). Defendant also failed to preserve his argument that the verdict was repugnant in view of his acquittal of the charges of criminal possession of a forged instrument in the second degree by not raising an objection before the jury was discharged (see People v Agudio, 194 AD3d 1270, 1275 [2021]).
As to the sentence, County Court did not abuse its discretion in directing that the terms of imprisonment imposed on the convictions for grand larceny in the third degree run consecutively to each other (see People v Pottorff, 145 AD3d 1095, 1098 [2016], lv denied 30 NY3d 1063 [2017]). Nevertheless, the aggregate sentence was excessive, and we reduce each sentence imposed on the remaining convictions of grand larceny in the third degree (counts 3 to 6) from 2½ to 5 years to 2 to 4 years (see CPL 470.15 [6] [b]; see also Penal Law § 70.06 [3] [d], [4] [b]).
Regarding the CPL article 440 motion, defendant contends that the People committed a Brady violation by failing to disclose that a conspirator [*4]involved in the check cashing scheme entered into a plea agreement with the People. The People's theory of the case was that defendant and the conspirator worked together as part of the check cashing scheme. As County Court found, the conspirator's plea to the crimes alleged against him did not exonerate defendant and, therefore, did not constitute Brady material (see People v McBean, 32 AD3d 549, 551 [2006], lv denied 7 NY3d 927 [2006]; People v Battease, 3 AD3d 601, 603 [2004]; People v Hilts, 191 AD2d 779, 780 [1993], lv denied 81 NY2d 1074 [1993]). Nor did the People commit a Rosario violation by this alleged failure because this conspirator did not testify at trial (see People v Hilts, 191 AD2d at 780).
Defendant further contends that his CPL article 440 motion should have been granted because he received ineffective assistance of counsel. We disagree. Counsel could have made a reasonable decision not to raise a repugnancy objection because doing so would have led the jury to reconsider all of the charges and possibly change its vote on the charges of which he was acquitted (see People v Perry, 154 AD3d 1168, 1171-1172 [2017]). As to the decision to keep a juror, "jury selection involves a quintessentially tactical decision" (People v Smith, 193 AD3d 1260, 1267 [2021] [internal quotation marks, brackets and citation omitted], lv denied 37 NY3d 968 [2021]), and defendant failed to show the absence of a strategic reason to allow the juror to remain on the panel, especially where the juror affirmed her ability to be impartial (see People v Henderson, 45 AD3d 903, 904-905 [2007]). As to the failure to request a circumstantial evidence charge, counsel was not ineffective in this regard because the People's proof consisted of both direct and circumstantial evidence (see People v Brossoit, 192 AD2d 900, 901 [1993]). Counsel also was not ineffective for failing to request a missing witness charge (see People v Peake, 14 AD3d 936, 937-938 [2005]).
Defendant's remaining complaints about counsel's representation of him are without merit and, even if such representation was not error free, less than perfect representation does not equate to ineffective assistance (see People v Weatherspoon, 86 AD3d 792, 794 [2011], lv denied 17 NY3d 905 [2011]). Indeed, viewing the record in its entirety and considering that defendant was acquitted of some charges, defendant's claim that he received ineffective assistance is without merit (see People v Watson, 183 AD3d 1191, 1196 [2020], lv denied 35 NY3d 1049 [2020]; People v Smith, 157 AD3d 978, 982 [2018], lvs denied 31 NY3d 1087 [2018]). Defendant's remaining contentions have been examined and are unavailing.
Garry, P.J., Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is modified, on the facts and as a matter of discretion in the interest of justice, by (1) reversing defendant's conviction of grand larceny in the third degree under count 2 of the indictment; said [*5]count dismissed and the sentence imposed thereon vacated; and (2) reducing the sentence imposed on each remaining conviction of grand larceny in the third degree, under counts 3 through 6 of the indictment, to 2 to 4 years in prison; and, as so modified, affirmed.
ORDERED that the order is affirmed.

Footnotes

Footnote 1: Prior to trial, the two indictments were consolidated for trial. Defendant was acquitted of all charges in the first indictment and, therefore, references herein to counts pertain to the counts as denominated in the second indictment.
Footnote 2: Defendant raises other grounds in support of his legal insufficiency argument but they are unpreserved because he did not raise them as part of his trial motion to dismiss (see People v Garrand, 189 AD3d 1763, 1763 [2020], lv denied 36 NY3d 1120 [2021]).

Footnote 3: To the extent that defendant premises his contention upon the lack of legally sufficient evidence, it is unpreserved (see People v Howard, 175 AD3d 1620, 1621 [2019], lv denied 34 NY3d 981 [2019]; People v Taylor, 163 AD3d 1275, 1275-1276 [2018], lv denied 32 NY3d 1068 [2018]).