People v Jimenez (2024 NY Slip Op 51179(U))

[*1]

People v Jimenez (Maria)

2024 NY Slip Op 51179(U)

Decided on August 12, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 12, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JAMES P. McCORMACK, J.P., GRETCHEN WALSH, ELENA GOLDBERG-VELAZQUEZ, JJ

2023-172 D CR

The People of the State of New York, Respondent,
against
Maria E. Alvarado Jimenez, Appellant. 

Dutchess County Public Defender (Jennifer Burton of counsel), for appellant.
Dutchess County District Attorney (Kirsten A. Rappleyea of counsel), for respondent.

Appeal by defendant, as limited by the brief, from a sentence of the Justice Court of the Town of LaGrange, Dutchess County (Stephen O'Hare, J.), imposed January 3, 2023, upon her conviction of identity theft in the third degree, following her plea of guilty.

ORDERED that the sentence is modified, on the law, by striking Condition Nos. 8, 10, 12, 13, 14, and 17 of her probation; as so modified, the sentence is affirmed. 
Defendant was convicted of identity theft in the third degree (Penal law § 190.78 [1]), and was sentenced to three years of probation for her conduct in using another person's credit card without their permission. On appeal, defendant argues that the Justice Court unlawfully imposed certain conditions of probation. She challenges Condition No. 8, requiring her to consent to the search for and seizure of, among other things, narcotics and weapons; Condition No. 10, prohibiting her from purchasing or possessing any weapons; Condition No. 12, prohibiting her from consuming alcohol and marijuana; Condition No. 13, requiring her to undergo mental health and substance abuse evaluations and treatment; Condition No. 14, prohibiting her from going to and buying alcohol at various establishments; and Condition No. 17, requiring her to pay restitution in an unspecified amount. On appeal, the People concede that the sentencing [*2]court should not have imposed Condition Nos. 8 and 17. 
"A court has broad discretion to impose conditions of probation deemed 'reasonably necessary to insure that the defendant will lead a law-abiding life or to assist [the probationer] to do so' (Penal Law § 65.10 [1]) and to 'ameliorate the conduct which gave rise to the offense' (Penal Law § 65.10 [5])" (People v Wagner, 9 Misc 3d 131[A], 2005 NY Slip Op 51597[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]). Penal Law § 65.10 (2) provides a sentencing court with a nonexhaustive list of possible conditions, such as avoiding injurious habits, avoiding going to unlawful or disreputable places, and participating in substance abuse treatment, as well as a catch-all provision that allows the court to impose "any other conditions reasonably related to his rehabilitation" (Penal Law § 65.10 [2] [l]). When imposing these conditions, the court must tailor them to the particular defendant's case and must ensure that they are reasonably related to the defendant's rehabilitation (see People v Hale, 93 NY2d 454, 461 [1999]; People v Letterlough, 86 NY2d 259, 263-265 [1995]).
Defendant was a first-time offender, was not armed with a weapon or under the influence of drugs or alcohol when she committed the offense, and has not been assessed as needing alcohol or substance abuse treatment. Furthermore, the record contains no evidence that defendant had any history of mental illness or substance abuse. Under the circumstances, including the People's concession with respect to Condition No. 8, Condition Nos. 8, 10, 12, 13, and 14 are stricken because they were not individually tailored in relation to the offense, and were not reasonably related to defendant's rehabilitation or necessary to ensure that defendant will lead a law-abiding life (see Hale, 93 NY2d at 461; People v Mensah, 221 AD3d 732, 733 [2023]; People v Dranchuk, 203 AD3d 741, 742 [2022]; People v Acuna, 195 AD3d 854, 855 [2021]; People v Saraceni, 153 AD3d 1559, 1560 [2017]; People v Brattole, 170 Misc 2d 1037, 1038 [App Term, 2d Dept, 9th & 10th Jud Dists 1996]; cf. People v Lane, 259 AD2d 1047 [1999]).
Finally, because the court never issued a restitution order and left the terms of Condition No. 17 blank, Condition No. 17 must, as the People concede, be stricken as unenforceable.
Accordingly, the sentence is modified by deleting Condition Nos. 8, 10, 12, 13, 14, and 17.
McCORMACK, J.P., WALSH and GOLDBERG-VELAZQUEZ, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 12, 2024