People v Grant (2024 NY Slip Op 51568(U))

[*1]

People v Grant

2024 NY Slip Op 51568(U)

Decided on November 15, 2024

Criminal Court Of The City Of New York, Bronx County

Gonzalez-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 15, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Chiffon Grant, Defendant.

Docket No. CR-009741-24BX

For the People:
Darcel D. Clark, District Attorney, Bronx County
(by: ADA Nadia Alirahi-Rosen)
For the Defendant:
The Legal Aid Society
(by: John Jody, Esq.)

Yadhira González-Taylor, J.

On May 15, 2024, defendant Chiffon Grant was arraigned on an accusatory instrument charging her with violating Penal Law ("PL") §§ 205.20 (1) (promoting prison contraband in the second degree) and 260.10 (1) (endangering the welfare of a child), both class A misdemeanors. Defendant was released on her own recognizance. On July 10, 2024, the People filed a supporting deposition, their Certificate of Compliance and Statement of Readiness ("SoR").
By omnibus motion dated September 3, 2024, defendant moved for dismissal pursuant to Criminal Procedure Law ("CPL") §§ 30.30 (5-a) and 170.30 (1) (e). Specifically, defendant avers that the prosecution's SoR is invalid because the accusatory instrument is facially insufficient and, thus, defendant was denied a speedy trial. In the alternative, defendant seeks an order precluding evidence, directing the People to comply with discovery demands and granting a suppression hearing pursuant to, inter alia, CPL §§ 710.30; 60.45; 710.20 (3); 710.40 (3); 200.95 (2) and (5); 245.55 (2) and (3); 245.10 (1) (a); 245.20 (1) (k) and (l); 200.27; and People v Sandoval, 34 NY2d 371 (1974). The People opposed the motion in its entirety. Upon review and consideration of the submissions, court file and relevant legal authority, the Court DENIES defendant's motion for dismissal pursuant to CPL §§ 30.30 (5-a) and 170.30 (1) (e); and
FINDS that the People's SoR, filed on July 10, 2024, was VALID; and
DENIES defendant's motion for a pre-trial voluntariness hearing for statements sought to be used on cross-examination and for those made to civilians; and
FINDS that the People have complied with defendant's demand for a Bill of Particulars pursuant to CPL § 200.95 (2) and (5), and DIRECTS the People to comply with their continuing discovery obligations pursuant to CPL § 245, including Brady/Vilardi disclosures; and REFERS defendant's request for a Sandoval hearing to the trial court; and
DIRECTS defendant to comply with her reciprocal discovery obligations pursuant to CPL § 245.20 (4); and
GRANTS defendant's application seeking the right to make further motions to the extent provided by CPL § 255.20 (3); and
FINDS that there are no unresolved issues which warrant a hearing pursuant to People v Luperon, 85 NY2d 71 [1995] and People v Allard, 28 NY3d 41 [2016]; and
DEEMS the complaint to be an information. Defendant will be arraigned on the information on November 19, 2024.
DISCUSSION
I. Applicable Legal Standards
A. CPL § 100.40 (1) - Facial Sufficiency
To meet the jurisdictional standard for facial sufficiency, a misdemeanor complaint "need only set forth facts that establish reasonable cause to believe that the defendant committed the charged offense" (see People v Smalls, 26 NY3d 1064, 1066 [2015]; see also CPL §§ 100.40 [1] [b] and 70.10). The accusatory instrument must set forth non-hearsay facts of an evidentiary nature which, if true, establish every element of the offense charged (see People v Suber, 19 NY3d 247 [2012]; People v Dumas, 68 NY2d 729 [1986]). It is well-settled that "mere conclusory allegations are insufficient [ . . . ] and a purported information which fails to meet these requirements is fatally defective" (see People v Pamulo, 48 Misc 3d 1227[A], 2015 NY Slip Op 51286[U], **2 (Crim Ct, New York County 2015] [citations omitted] citing People v Alejandro, 70 NY2d 133, 136 [1987]). Finally, facial sufficiency can be found where the "allegations provide sufficient notice for defendant to prepare a defense and are sufficiently detailed to prevent a defendant from being tried twice for the same offense" (see People v Casey, 95 NY2d 354, 360 [2000]).
The Accusatory Instrument at Bar
The factual allegations at bar provide, in pertinent part, that:
CO investigator Nathaniel WILLIAMSON of DOC/IU, Shield# 406, states that on or about April 25, 2024, at approximately 8:40 PM inside of 09-09 Hazen Street, County of the Bronx, State of New York, [ . . . ]
Deponent is informed by New York City Department of Correction Officer SERGE DUPLESSY, Shield Number #19907, that at the above time and place, the visit search area of the George R Vierno Center (GRVC) Rikers Island, Bronx, New York, a correctional facility, informant observed defendant, a visitor to Rikers Island, and her three-year old child, to be on a visit with separately apprehended Rikers Island Inmate WARD HICKS (Book and Case Number 3612300001 and NYSID #007483373P) (Arrest Number B24619006)
Deponent is further informed by informant that he observed separately apprehended individual WARD HICKS to be holding MESSIAH SCOTT (date of birth October 15, 2020).
Deponent is further informed by informant that he observed separately apprehended individual WARD HICKS to reach into the child's diaper and remove a black object.
Deponent is further informed by informant that separately apprehended individual WARD HICKS was taken to a secondary search location where a black object was recovered from his right hand.
Deponent states that he opened the black object and observed aforementioned black object to contain a dried, brown, leafy substance.
Deponent further states that, based upon his training and experience, which includes training in the recognition of marijuana, a dried, green leafy substance with a distinctive odor, and its packaging, the aforementioned dried, brown leafy substance is alleged and believed to be TOBACCO.
Deponent further states that he is a New York City Department of Correction Officer and the above location has clearly posted signs both inside and outside of the visitor's area and further indicates which items are considered contraband and list TOBACCO as contraband.
Deponent further states that said signs also indicate that visitors attempting to bring such items into the facility will be arrested.
Deponent further states that visitors to the above location are given oral notice numerous times that visitors are not allowed to bring any items into the visitor's area and if they do all items are considered contraband.
Deponent further states that separately apprehended individual, WARD HICKS, stated in sum and substance: YOU ARE DOING ALL THIS SHIT FOR TOBACCO? FOR TWO CIGARETTES [.]
The Supporting Deposition at Bar
I, CO SERGE DUPLESSY of DOC, Shield# 19907 say that I have read the complaint filed in the above-entitled action and attached hereto and that the facts stated in that complaint to be on information furnished by me are true upon my personal knowledge.
B. PL § 205.20 (1) - Promoting Prison Contraband in the Second Degree
Penal Law § 205.20 (1) provides, in pertinent part, that a person is guilty of promoting prison contraband in the second degree when "[h]e knowingly and unlawfully introduces any contraband into a detention facility [ . . . ]"
C. PL § 260.10 (1) - Endangering the Welfare of a Child
Penal Law § 260.10 (1) provides, in pertinent part, that a person is guilty of endangering the welfare of a child when [h]e or she knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less that seventeen years old [ . . . ]"
II. The Parties' Arguments
Defendant asserts that where an accusatory instrument is invalid, the People's SoR must be deemed illusory, and the accusatory instrument dismissed (Defendant's affirmation at 7-8). Specifically, defense counsel claims that the allegation that a separately detained defendant reached into Ms. Grant's child's diaper and removed a black object which contained a "dried, brown leafy substance" believed to be tobacco fails to demonstrate that defendant acted in a manner likely to be injurious to the physical, mental or moral welfare of a child (Defendant's affirmation at 7). Further, defense counsel maintains that the supporting deposition fails to amplify the allegations because the complaining witness merely vouches for the statements already attributed to him in the complaint (Defendant's affirmation at 7). Additionally, if the motion to dismiss is denied, defendant seeks a [*2]Sandoval hearing, a hearing to determine the voluntariness of statements to be used on cross-examination and of those made to civilians, an order directing the prosecution to comply with discovery demands, including for a Bill of Particulars, supplemental Certificate of Compliance, Brady/Vilardi disclosures and an order precluding statement or identification testimony which was not properly noticed (Defendant's affirmation at 9-14). 
Initially, the People aver that defendant's child could have easily retrieved the dried, brown leafy substance from its diaper, and suffered harm from ingesting it (People's affirmation at 3). Moreover, the prosecution argues that defendant knowingly acted in a manner that was injurious to the moral welfare of a minor because she used her child as a vessel to smuggle contraband into Rikers Island (People's affirmation at 4). The People request an opportunity to redraft the accusatory instrument should the Court find that it fails to substantially conform to CPL § 100.15 but maintain that their SoR was valid because they certified in good faith that the counts charged in the accusatory instrument are facially sufficient pursuant to CPL § 30.30 (5-a) (People's affirmation at 5-6). Next, the prosecution contends that dismissal of the entire prosecution in toto is a drastic remedy which runs counter to the CPL where defendant has not challenged the facial sufficiency of the count charging defendant with promoting prison contraband (People's affirmation at 6-7). The People conclude that only 56 days are chargeable to the prosecution, and they oppose defendant's request for 1) an order precluding statement or identification evidence, 2) a hearing to determine the voluntariness of statements made to civilian or to use on cross-examination, her request for compliance with CPL §§ 245.55 (2) and (3), 245.35 (3), and 3) a Sandoval hearing and the right to file further motions (People's affirmation at 8-20). The People also advise that they are aware of their Brady/Vilardi obligation, and they oppose defendant's motion to compel a Bill of Particulars while noting that defendant had not heretofore demanded one (People's affirmation at 16-19). 
Defendant's reply brief maintains that tobacco is not an illegal substance and that nothing in the accusatory instrument demonstrates that either the black container or the tobacco inside of it was dangerous to digest or likely to be injurious to a child's welfare (Defendant's reply affirmation at 3-5). Defense counsel further avers that the container with tobacco was neither visible nor immediately accessible to the child (Defendant's reply affirmation at 6). Additionally, defendant alternatively posits that even if the People assert the validity of the first charged count (promoting prison contraband) as a basis to not dismiss the entire prosecution, CPL § 30.30 (5-a) abrogates the doctrine of partial readiness and, thus, the accusatory instrument cannot survive if the Court determines that PL § 260.10 (1) has not been sufficiently plead (Defendant's reply affirmation at 7-9). Finally, defense counsel contends that the People cannot demonstrate good faith in certifying their SoR where its invalidity is based upon a mischarging of PL § 260.10 (1) rather than a mere typographical oversight (Defendant's reply affirmation at 9-10).
III. The Court's Analysis
It is well-settled that although the allegations in a criminal complaint must give rise to a prima facie case, courts have declined to give an accusatory instrument an overly technical reading (see People v Konieczny, 2 NY3d 569, 575 [2004]). Insofar as defendant has not challenged the facial sufficiency of the first charged count, PL § 205.20 (1), the Court deems defendant to have conceded its sufficiency and will now consider whether the People have met their pleading requirements as to the second count, PL § 260.10 (1).
Defense counsel asks "(h)ow does the prosecution expect to connect (a) the allegation that Ms. Grant's child had in his diaper a small black object containing tobacco, to (b) the argument that [*3]she is therefore guilty of violating P.L. §260.10 (1)?" (Defendant's affirmation at 7). However, irrespective of whether a jury ultimately concludes that defendant's conduct did not create a likelihood of harm to her child, the applicable burden of proof at bar is that of the pleading stage (see People v Ingram, 35 Misc 3d 1238(A), 2012 NY Slip Op 51039(U), *2 [Crim Ct, Kings County 2012].
First, the accusatory instrument alleges that defendant was accompanied by her child on a visit to Rikers Island. Second, it is alleged that the child was born on October 15, 2020, and, therefore, was three-and-a-half-years old on the date of the alleged offenses. Furthermore, it is alleged that a black object was removed from the child's diaper, and found to contain a dried, brown, leafy substance believed to be tobacco. The complaint also asserts that posted signage inside and outside of the visitor's area indicates that tobacco is among those items listed as contraband and that visitors attempting to bring said items into the detention facility will be arrested. 
The gravamen of defendant's facial insufficiency argument is that tobacco is not illegal, the danger of ingestion of either the black object or the tobacco is not remotely analogous to the risk associated with cocaine or cannabis and that the tobacco was not readily accessible nor was the black object near the child. Moreover, counsel claims that the prosecution has cited no authority for the proposition that defendant could have violated PL § 260.10 (1) by using her child's diaper as a vehicle to introduce contraband into Rikers Island. However, this Court finds that viewed in the light most favorable to the People, and considered cumulatively, the non-hearsay factual allegations strongly suggest a reasonable inference that defendant knowingly acted in a manner likely to be injurious to her child's physical, mental or moral welfare.
As a threshold matter, while defense counsel rejects any moral equivalence between tobacco and cocaine or marijuana, now decriminalized in New York State, the accusatory instrument provides that the subject "location has clearly posted signs both inside and outside of the visitor's area and further indicates which items are considered contraband and list TOBACCO as contraband." Consequently, contrary to defendant's averments, the tobacco at issue here was no less an illegal substance than the marijuana and cocaine in People v Portorreal, 25 Misc 3d 1238(A), 2009 NY Slip Op 52485(U), *5 [Crim Ct, Queens County 2009] [Facial insufficiency motion denied where the prosecution met its pleading burden in alleging that defendant knowingly exposed her child to marijuana] and People v Gunter, 32 Misc 3d 1202(A), 2011 NY Slip Op 51149(U), *3 [Crim Ct, New York County 2011] [The accusatory instrument was facially sufficient to support the charge of endangering the welfare of a child where cocaine was openly accessible], respectively, both cited by the prosecution's opposition.
Defendant further argues that an amount of tobacco placed inside of a nondescript black object did not pose a risk of ingestion by the child which was remotely comparable to either a cocaine overdose or cannabis-induced psychosis. However, actual harm to the child need not be alleged nor quantified because the statute proscribes "conduct which a defendant knows will present a likelihood of harm to a child" (see Portorreal, 2009 NY Slip Op 52485(U), *4; see PL § 260.10 [1]; see also People v Johnson, 95 NY2d 368, 371 [2000]; see People v Simmons, 92 NY2d 829, 832 [1998]). Here, it is alleged that defendant and her child were in the visitor's area at Rikers Island when the deponent "observed separately apprehended individual WARD HICKS to be holding MESSIAH SCOTT (date of birth October 15, 2020)" and that the detainee was observed to "reach into the child's diaper and remove a black object." Although defense counsel maintains that neither the dried, brown leafy substance nor the black object were readily accessible to the child, the Court cannot perceive that a three-and-a-half-year old would have any more difficulty reaching inside of [*4]her own diaper to retrieve the black object than the detainee did. Moreover, defendant, as the parent, can be presumed to have placed the black object in her child's diaper and, thus, would have knowingly acted in a manner likely to be injurious to the child's physical welfare given the risk associated with either ingesting nicotine from the tobacco, choking on the black object or both (see Johnson at 372 ["a defendant must simply be aware that the conduct may likely result in harm to a child"]; see also Ingestion of Cigarettes and Cigarette Butts by Children — Rhode Island, January 1994-July 1996, Centers for Disease Control and Prevention, MMWR Weekly, February 14, 1997/46(06); 125-128, available at https://www.cdc.gov/mmwr/preview/mmwrhtml/00046181.htm ["These ingestions were associated with only minor toxic clinical effects; however, previous reports have described severe toxicity among children who ingested cigarettes, cigarette butts, or snuff, including depressed respiration, cardiac arrhythmia and convulsions"]; see also Choking Prevention for Children, NYS Department of Health, revised February 2022, available at https://www.health.ny.gov/prevention/injury_prevention/choking_prevention_for_children.htm ["The size of a young child's trachea (windpipe) or breathing tube is approximately the size of a drinking straw in diameter"]).
Defendant also declares that there is no caselaw to support the prosecution's claim that defendant violated PL § 260.10 (1) by using her child as a "vehicle of a crime" and argues that the People have advanced a theory of criminality which calls for an unprecedented broadening of the charge (Defendant's reply affirmation at 6-7). However, the Court finds that the facts presented demonstrate no such proscription.
The criminal complaint asserts that with respect to carrying contraband into the Rikers Island visitor's area "signs also indicate that visitors attempting to bring such items into the facility will be arrested" and that "visitors to the above location are given oral notice numerous times that visitors are not allowed to bring any items into the visitor's area and if they do all items are considered contraband." Thus, a jury could reasonably conclude that defendant knew that it was a crime to bring tobacco into the detention facility because as the parent, defendant is presumed to have both possession of her child and anything on her child's body, including the diaper and the tobacco-filled, black object. Secondly, it is alleged that deponent observed the detainee to hold the child and "reach into the child's diaper and remove a black object." These allegations provide reasonable cause to believe that defendant intended to use her child as a means to supply contraband to the detainee, who presumably had no other plausible reason for reaching into the child's diaper.
It strains credulity to suggest that the complaint does not meet the facial sufficiency requirement for the charge of endangering the welfare of a child where the allegations create a reasonable inference that defendant knowingly made her child complicit in smuggling contraband, and by her conduct subjected her three-and-a-half-year-old to witnessing her mother being taken away to be detained and arrested- a certain to be traumatizing event (compare People v Jacobsen, 682 NYS2d 323, 324 [1998] ["The jury could reasonably have found that defendant knowingly placed his three-year-old daughter in danger by bringing her along on a burglary attempt or by defendant's purposeful participation as a passenger in a high-speed chase"], with People v Noce, 24 Misc 3d 1202(A), 2009 NY Slip Op 51232(U), *5 ["(T)he information lacks any allegation, non-hearsay or otherwise, that the child was present when the Defendant allegedly consumed the cocaine or when the cocaine was placed in plain view"]). This Court submits that the People have adequately pled allegations for a prima facie case that defendant committed the offense as it pertains to her child's physical, mental and moral welfare.
Accordingly, we find that the PL § 260.10 (1) meets the pleading requirements of CPL [*5]§§100.15 and 100.40 (b).
IV. Defendant's Request for an Order Granting Other Relief
Defendant's motion for an order finding that the People's SoR invalid is denied as moot. Insofar as defendant has not challenged the sufficiency of the first count, PL § 205.20 (1), and because the Court has found that the second count, PL § 260.10 (1), is facially sufficient, defendant's motion for an order finding that the People's SoR was illusory is denied. Additionally, because defendant was arraigned on May 15, 2024, and the People's SoR filing was on July 10, 2024, 56 days are chargeable to the prosecution, within their statutory time to declare readiness for trial pursuant to CPL § 30.30 (1) (b). Defendant's motion to dismiss pursuant to CPL §§ 170.30 (1) (e) and 30.30 (5-a) is denied. Lastly, defendant's motion for an order granting a pre-trial voluntariness hearing for statements made to civilians and those to be used on cross-examination is denied because the record at bar, including defendant's own submissions, is bereft of any grounds to justify the holding of a voluntariness hearing.
CONCLUSION
Based upon the foregoing, the Court DENIES defendant's motion for dismissal pursuant to CPL §§ 30.30 (5-a) and 170.30 (1) (e); and
FINDS that the People's SoR, filed on July 10, 2024, was VALID; and
DENIES defendant's motion for a pre-trial voluntariness hearing for statements sought to be used on cross-examination and for those made to civilians; and
FINDS that the People have complied with defendant's demand for a Bill of Particulars pursuant to CPL § 200.95 (2) and (5), and DIRECTS the People to comply with their continuing discovery obligations pursuant to CPL § 245, including Brady/Vilardi disclosures; and REFERS defendant's request for a Sandoval hearing to the trial court; and
DIRECTS defendant to comply with her reciprocal discovery obligations pursuant to CPL § 245.20 (4); and
GRANTS defendant's application seeking the right to make further motions to the extent provided by CPL § 255.20 (3); and
FINDS that there are no unresolved issues which warrant a hearing pursuant to People v Luperon, 85 NY2d 71 [1995] and People v Allard, 28 NY3d 41 [2016]; and
DEEMS the complaint to be an information. Defendant will be arraigned on the information on November 19, 2024.
This constitutes the opinion, decision, and order of the Court.
Dated: November 15, 2024
Bronx, New York
Hon. Yadhira González-Taylor, J.C.C.