People v Wilson (2025 NY Slip Op 50636(U))

[*1]

People v Wilson (Chauncy)

2025 NY Slip Op 50636(U)

Decided on April 17, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 17, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELENA GOLDBERG-VELAZQUEZ, J.P., JERRY GARGUILO, GRETCHEN WALSH, JJ

2023-762 D CR

The People of the State of New York, Respondent,
against
Chauncy R. Wilson, Appellant. 

Dutchess County Public Defender (Seth J. Gallagher of counsel), for appellant.
Dutchess County District Attorney (Kirsten A. Rappleyea and Anna Diehn of counsel), for respondent.

Appeal by defendant, as limited by the brief, from a sentence of the Justice Court of the Village of Red Hook, Dutchess County (Jonah Triebwasser, J.), imposed June 21, 2023, upon his conviction of driving while intoxicated (per se), following his plea of guilty.

ORDERED that the appeal is dismissed.
Defendant was convicted of driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]) and was sentenced to a three-year term of probation. The Justice Court included, as Condition No. 10 of defendant's probation, that he "not purchase, own or possess any firearm, rifle, shotgun, ammunition, look-alikes of an actual gun or any dangerous weapons. . . on [his] person, in [his] vehicle, residence or any space leased and/or owned by [him] that is not [his] residence and any area under [his] immediate control." On appeal, defendant contends that the Justice Court unlawfully imposed that condition of probation, because, among other reasons, it was not individually tailored in relation to the offense, and was not, therefore, reasonably related to defendant's rehabilitation or necessary to ensure that defendant will lead a law abiding life (see Penal Law § 65.10 [1], [2] [l]; [5]; People v Jimenez,83 Misc 3d 133[A], 2024 NY Slip Op 51179[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2024]).
Defendant's contention has been rendered moot, as his sentence of probation was terminated early on December 31, 2024 and, thus, dismissal of the appeal is appropriate (see People v McLaine, 64 NY2d 934 [1985]; People v Nicholson, 31 AD3d 468, 469 [2006]; People [*2]v Pascarella, 78 Misc 3d 129[A], 2023 NY Slip Op 50289[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2023]; People v Swett, 67 Misc 3d 130[A], 2020 NY Slip Op 50429[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]).
Accordingly, the appeal is dismissed.
GOLDBERG-VELAZQUEZ, J.P., GARGUILO and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 17, 2025